Richard R. Forschner, Petitioner v. Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board, Respondent.

Argued June 1, 1981, before President Judge CRUMLISH and Judges ROGERS and WILLIAMS, JR., sitting as a panel of three.

*Bart E. Ecker, Laputka, Bayless, Ecker & Cohn,* P.C., for petitioner.

*Joseph J. Musto, Griffith, Aponick & Musto,* for respondents.

OPINION BY JUDGE ROGERS, June 30, 1981:

The appellant, Richard Forschner, sole stockholder of Richie's House of Steak, Inc., filed a claim petition for workmen's compensation benefits for total disability caused by a back injury sustained in lifting a box of meat while at work for Richie's.

At the referee's hearing the claimant testified and introduced the report of Dr. Leo Corazza, a treating physician. The employer introduced the records of Hazleton State General Hospital where the claimant was treated. The referee found that the claimant worked as a manager, part-time cook, and bartender for Richie's and was its employee under Sec-

tion 104 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §22, which pertinently provides that "[e]very executive officer of a corporation . . . shall be an employee of the corporation." The referee also found that the claimant was injured at work on March 25, 1981, and suffered total disability from March 25, 1978, to August 14, 1978.

On appeal the Workmen's Compensation Appeal Board (Board) reversed the referee's decision on the grounds (1) that as sole stockholder of Richie's the claimant was not an employee entitled to benefits and (2) that the record did not support the referee's finding that the claimant's disability was caused by an injury sustained at work. We believe that the Appeal Board erred on both grounds and reverse its order dismissing the application for benefits.

In *Zeruld v. Workmen's Compensation Appeal Board*, 29 Pa. Commonwealth Ct. 189, 410 A.2d 954 (1980), handed down after the Appeal Board's decision in this case, we held that the sole stockholder, who was also president and director of a corporation for whom he worked, was an employee by the express provision of Section 104 that executive officers of corporations are employees; and that the corporation as employer should not be disregarded in the absence of evidence that the corporate form was used somehow fraudulently or illegally by the controlling stockholder. The employer here contends that because the record indicates only that the claimant is an officer of Richie's without explicitly showing that he is an "executive" officer, the circumstances do not fit Section 104, but the claimant when asked if he were the only officer of Richie's testified that "my bookkeeper is secretary, treasurer." Since Section 1406 of the Business Corporation Law, Act of May 5,

1933, P.L. 364, *as amended,* 15 P.S. §1406, requires that every business corporation have a president, a secretary, and a treasurer, it was proper and natural to infer that the claimant is president and therefore an executive officer. Additionally, the record, as that in *Zeruld,* contains no evidence that the claimant employed the corporate form in any way irregularly.

With regard to the evidence of the cause of the claimant's injury and disability, the Appeal Board clearly missed the import of the claimant's and his physician's testimony. The claimant testified that he was injured on Good Friday, March, 1978, and went to the hospital (where Dr. Corazza saw him) the next day. Good Friday in 1978 was March 24, so that the statement in Dr. Corazza's report that the claimant was injured on March 25, 1978, the same day the claimant came to see him was incorrect, as was the referee's finding, apparently based on the doctor's report, that the injury was on March 25, 1978. Surely, this is a trivial lapse, insufficient to overturn a referee's award. The Appeal Board in concluding that the referee's finding was conjectural read the claimant's testimony that he went to the hospital "the day before Easter, 25th or 6th of March" to mean that he went to the hospital on March 25 or March 6th, an unnatural reading especially in view of the claimant's testimony that he was injured on Good Friday. The referee's findings that the claimant sustained an injury at work and that the injury caused his total disability from March 25, 1978, to August 14, 1978, were supported by the claimant's testimony and by Dr. Corazza's report. It does not follow from the fact that the hospital records contain statements allegedly made by the claimant which were to some extent inconsistent with his testimony and with Dr. Corazza's report that the referee indulged in "conjecture" in choosing to believe the claimant's

testimony and his doctor's report rather than statements attributed to him in the hospital records. We have repeatedly held the Appeal Board may not, as it seems here to have done, make and apply its judgment as to the weight of the evidence or the credibility of the testimony. *Workmen's Compensation Appeal Board v. International Furnace Corp.*, 21 Pa. Commonwealth Ct. 390, 345 A.2d 780 (1975). It is the referee who resolves questions of credibility of conflicting testimony and his findings if supported by substantial evidence may not be disturbed, even when there is evidence contrary to the findings. *Shenango Steel Corp. v. Workmen's Compensation Appeal Board,* 46 Pa. Commonwealth Ct. 3, 405 A.2d 1086 (1979). The referee is empowered to resolve conflicts in the evidence, including those conflicts appearing in the testimony of a single witness. *Breen v. Pa. Crime Commission,* 52 Pa. Commonwealth Ct. 41, 415 A.2d 148 (1980). Clearly, there was substantial evidence[1] of record supporting the referee's findings.

Order reversed, the referee's award is reinstated and an appropriate order for judgment will be entered herewith.

---

[1] The employer contends that where the party with the burden has prevailed below our review is to determine whether the referee's findings of fact can be sustained without a capricious disregard of competent evidence. It cites *Workmen's Compensation Appeal Board v. Republic Steel Corp.,* 31 Pa. Commonwealth Ct. 301, 375 A.2d 1369 (1977) where we incorrectly so stated. In *Republic Steel* we cited as authority *McIntosh v. Workmen's Compensation Appeal Board,* 25 Pa. Commonwealth Ct. 311, 360 A.2d 273 (1976). However, in *McIntosh* the decision was against the party with the burden of proof where the review is to see whether the findings are sustainable without capricious disregard of competent evidence. Where the party with the burden prevailed below the standard of review is that of whether substantial evidence supports the findings.

## Order

And Now, this 30th day of June, 1981, the order of the Board dismissing the claim petition of Richard R. Forschner is reversed and the order of the referee awarding benefits to the claimant is reinstated. Judgment is entered against the employer and/or its insurance carrier to pay compensation to the claimant for total disability at the rate of $200.00 per week commencing March 25, 1978, and terminating August 14, 1978.

All deferred payments of compensation shall bear interest at the rate of 10 per cent. The employer and/or its insurance carrier shall reimburse the claimant for the following reasonable medical expenses:

| | |
|---|---|
| A. Hazleton State General Hospital | $2,992.35 |
| B. Dr. Leo Corazza | 290.00 |
| C. Dr. D. Lovrinic | 35.00 |
| D. Dr. E. LeBuz | 100.00 |

The employer and/or its insurance carrier shall pay to Bart E. Ecker, Jr., Esquire, counsel for the claimant 20 per cent of all compensation payable in the above-captioned matter.