Howard E. ANDERSON,
Plaintiff-Appellant,

v.

SAM MONDAY MOTORS,
Defendant-Appellee.

Supreme Court of Tennessee.

Aug. 3, 1981.

James L. Milligan, Jr., Knoxville, for plaintiff-appellant.

Frank Q. Vettori, Knoxville, for defendant-appellee.

## OPINION

BROCK, Justice.

This is a worker's compensation case. At the conclusion of the trial the court granted judgment to the defendant, finding that the employee's injuries did not arise out of and in the course of his employment.

There is no material dispute in the evidence. The defendant employer is engaged in the business of selling automobiles and employed the plaintiff, Anderson, as one of its salesmen. As an integral part of the contract of employment, the employer provided to its salesmen, including the plaintiff, demonstrator automobiles for their personal use in going to and from their respective residences and their work. Each employee furnished his own gasoline. Mr. Clark, a vice-president and part owner of the defendant company, testified that the demonstrator automobiles were provided as part of the compensation of the employees. Mr. Clark further testified that a reason for "letting the salesmen use demonstrators is that it gets the car out in front of the public" and was a "form of advertisement." Mr. Clark also testified that in the event one of its salesmen should be asked by a prospective customer about his demonstrator automobile the salesman would be expected to discuss the car with such prospect and thereby attempt to generate a sale to him.

The employee testified that no one connected with the employer had ever placed limitations upon his use of the demonstrator automobile which was supplied to him. Mr. Monday, who employed the plaintiff, did not testify but Mr. Clark stated that it was company policy that the demonstrator automobiles furnished to the salesmen were for use in traveling between their homes and their work, although he stated that he had never discussed with the plaintiff any limitations upon the use by the plaintiff of his demonstrator automobile.

On the date of the accident in question the plaintiff left the defendant's place of business at about 7:30 p. m. and was en route to his home about one mile distant when the demonstrator automobile which he was driving was struck on the side by another automobile. At the time, the plaintiff was attempting to make a right turn

off the Clinton Highway into a shopping center for the purpose of stopping at a grocery store to purchase a gallon of milk before continuing on his trip to his home. The site of the accident was approximately 300 feet from the route normally traversed by the plaintiff in going from his work to his home.

As above noted, the Chancellor held that the plaintiff's accident and injury did not arise out of and in the course of his employment.

It has been observed that most injuries to employees sustained while en route to or from their place of employment are not compensable because they do not arise out of and in the course of employment. *Frazier v. Normak International*, Tenn., 572 S.W.2d 650 (1978). On the other hand, the accident and injury to the employee is held to arise out of and in the course of his employment when it is sustained by an employee while engaged in going to and from work by means of transportation furnished by the employer as "an incident of the employment" or as part of the compensation afforded to the employee. *Ward v. Ward*, 213 Tenn. 657, 378 S.W.2d 754 (1964); *McClain v. Kingsport Improvement Corporation*, 147 Tenn. 130, 245 S.W. 837 (1922); *Oman v. Delius*, 10 Tenn.App. 467 (1929); *W. C. Sharp Drug Stores v. Hansard*, 176 Tenn. 595, 144 S.W.2d 777 (1940); *Boyd v. Francis Ford, Inc.*, 12 Or.App. 26, 504 P.2d 1387 (1973); 99 C.J.S. *Workmen's Compensation* § 235 (1958); 82 Am.Jur.2d *Workmen's Compensation* § 256 (1976).

The trial judge apparently recognized the foregoing rules but was of the opinion that at the time of the accident the employee had so far deviated from the customary route employed by him in going from his place of employment to his home that compensability should be denied. We, however, are unable to agree with that conclusion.

Considering the fact that this employer had never laid down any hard and fast rules to be followed by the plaintiff-employee in the use of the demonstrator automobile and particularly had not designated any particular route that he was required to travel between his work and his home, in our opinion, no deviation had occurred at the time of this accident. The employee was still en route from his place of work to his home. Merely stopping along the way to purchase a gallon of milk for his home consumption did not constitute a "frolic and detour" or a "deviation." *See* 82 Am.Jur.2d *Workmen's Compensation* § 286 (1976) and cases there cited; 1 Larson, Workmen's Compensation Law § 19.63. Such stops along the route between the employer's place of business and the plaintiff's home had not been forbidden to him.

The employer relies upon the decisions of this Court in *Free v. Indemnity Ins. Co. of North America*, 177 Tenn. 287, 145 S.W.2d 1026 (1941) and *Lumbermen's Mut. Cas. Co. v. Dedmon*, 196 Tenn. 94, 264 S.W.2d 567 (1951). In our view those cases are not authoritative with respect to the instant case for the reason that they did not involve injury to an employee while being furnished transportation by his employer as is true in the instant case. Each of these cases must, of course, be decided on its particular facts. Here, the employer chose to furnish the employee with an automobile for the purpose of providing transportation between his place of work and his residence, thereby extending the protection of the Worker's Compensation Laws to that journey, whereas, if such transportation had not been provided, the employee would not have enjoyed the benefit of the protection of the Worker's Compensation Law in traveling to and from his home and his job. The law does not prevent the parties from thus extending the protection of the Worker's Compensation Law. Moreover, if the employer had intended to do so, it was free to designate a hard and fast rule with respect to the employee's choice of routes between his work and his home; but, it did not do so. Construing the Worker's Compensation Laws liberally for the benefit of the employee, as we are enjoined to do by the statute, we find the instant accident and injury to be compensable.

The judgment of the trial court is reversed and this cause is remanded for fur-

ther proceedings consistent with this opinion.

HARBISON, C. J., and FONES, COOPER and DROWOTA, JJ., concur.