George Hepp, Petitioner *v.* Workmen's Compensation Appeal Board (B. P. Oil Company), Respondents.

Argued March 3, 1982, before President Judge CRUMLISH and Judges BLATT and DOYLE, sitting as a panel of three.

*Brian R. Steiner,* for petitioner.

*Mark L. Mazzanti,* with him *Martin J. Fallon, Jr., Swartz, Campbell & Detweiler,* for respondent, B. P. Oil Company.

OPINION BY JUDGE BLATT, July 8, 1982:

This is an appeal from an order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's denial of benefits to George Hepp (claimant) finding that his injury did not occur in the course of his employment.

The claimant was employed for over 20 years as a truck driver by the B. P. Oil Company (employer) and its predecessors, delivering oil and gasoline to its customers. Although not a member of the union which represented other employees, he had submitted numerous grievances to the former union shop steward, George Lynch (Lynch), and on December 23, 1977, while in the drivers' room at the employer's facility, he complained to the then newly designated union steward in Lynch's presence that "Lynch hasn't done a thing for me for two years." The claimant testified at the hearing that Lynch had then removed his glasses, advanced toward him with his fist closed, and called him an insulting name, in response to which the claimant punched Lynch once, knocking him to the ground. The claimant said that he called the dispatcher from home on the following day and got his route assignment for that day, but that he received a call from the employer fifteen minutes later, also at home, notifying him that he was discharged. The claimant's wife testified that, immediately after this call from

the employer, the claimant suffered an acute psychiatric episode which required immediate treatment and care in a hospital psychiatric unit. When the claimant sought workmen's compensation benefits for his disability, the referee concluded after a hearing that the claimant's mental condition and resultant disability did not constitute an injury in the course of employment because they did not occur on the employer's premises or while he was actually engaged in the furtherance of the employer's business. The Board affirmed the referee and this appeal followed.

In workmen's compensation cases where the party with the burden of proof did not prevail below, our scope of review is limited to determining whether or not the referee's findings are consistent with each other and with the conclusions of law and whether or not they can be sustained without a capricious disregard of competent evidence. *Workmen's Compensation Appeal Board v. Precisionware, Inc.*, 21 Pa. Commonwealth Ct. 573, 347 A.2d 322 (1975).

The claimant contends here that several of the findings are incorrect and unsupported by evidence in the record, specifically: finding No. 4, that the claimant was the aggressor and Lynch a passive victim; finding No. 8, that the claimant suffered an anxiety neurosis following the termination of his services; and finding No. 9, that the claimant admitted that he did not sustain an injury in the December 23 altercation at the plant and that, if he had not been fired on December 24, he could have continued his employment indefinitely.

As to finding No. 4, the record is clear that the first and only blow struck in the altercation was delivered by the claimant. While Lynch's behavior may have been threatening and intimidating, it did not rise to the level of fighting and it was the claimant, and not Lynch, who escalated the confrontation into a physical

encounter. We would also note in passing that the claimant testified that he *had* been aware of a notice posted by the employer that any employee caught fighting on company premises would be immediately dismissed.

As to finding No. 8, the claimant asserts that the referee erred in characterizing his condition as an anxiety neurosis, rather than as a depressive reaction, and further asserts that the depression was precipitated by his problem at work and by his dismissal on account of it. The claimant's treating psychiatrist did testify that the acute episode which lead to the claimant's hospitalization had been diagnosed as a depressive reaction and it is true, therefore, that the referee inaccurately described the condition involved. This misstatement of the precise nature of the claimant's psychiatric disability, however, constitutes harmless error. Whatever the nature of the psychiatric disability, the ultimate question to be determined by the referee was whether or not it was compensable under the Act because it had arisen in the course of the claimant's employment and was related thereto. *Faust v. Workmen's Compensation Appeal Board,* 55 Pa. Commonwealth Ct. 285, 422 A.2d 1246 (1980).

As to finding No. 9, the claimant's wife testified that his acute psychiatric episode occurred *immediately* after he received the call notifying him of his dismissal, and the claimant testified that he attributed his condition to the fact that his employer had discharged him. When asked if he believed that he "would have continued successfully in employment thereafter" if he had not been fired, he replied, "I don't know, what I mean by that is that the build up of grievances I had had to come to an end at some time or another." He also testified, however, that, if he had not been fired on December 24, 1977, he would have gone out on the route that the dispatcher had

334

assigned to him earlier and would have completed that assignment.

We believe, therefore, that all of these findings to which the claimant has objected, except the one that we have determined to be harmless error, were amply supported by the record and do not reflect any capricious disregard of the evidence.

The claimant argues further that the referee and the Board erred as a matter of law in concluding that his injury did not occur while he was engaged in the furtherance of his employer's business. Section 301 (c) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §411(1) provides in pertinent part that:

> The terms "injury" and "personal injury," as used in this act, shall be construed to mean an injury to an employe, regardless of his previous physical condition, *arising* in the course of his employment and related thereto, and such disease or infection as naturally results from the injury or is aggravated, reactivated or accelerated by the injury. . . . The term "injury arising in the course of his employment," as used in this article, shall not include an injury caused by the act of a third person intended to injure the employe because of reasons personal to him, and not directed against him as an employe or because of his employment; but shall include all other injuries sustained while the employe is actually engaged in the furtherance of the business or affairs of the employer, whether upon the employer's premises or elsewhere. . . . (Emphasis added.)

Here, while the claimant attempts to tie his psychiatric condition to the fight which occurred at work, the fight is not critical to a determination of whether or not he is entitled to compensation benefits for *it* was not the

event which triggered the depressive reaction. The claimant himself testified that the receipt of his termination notice at home was the precipitating event. Our Supreme Court has held that a claimant who has sustained an injury away from the employer's premises may qualify for benefits without proving that his injury occurred while he was engaged in the furtherance of the employer's business, but he must establish in such circumstances that his injury *arose in the course of his employment* and was related thereto. *Krawchuk v. Philadelphia Electric Co.,* 497 Pa. 115, 439 A.2d 627 (1981). The location at which the injury occurred is "merely a *factor* for the referee to consider." *Id.* at 124, 439 A.2d at 632 (emphasis in original). Here, although the claimant was in the habit of calling the dispatcher from home to get his daily route assignment, we do not believe that such a minor and peripheral activity is sufficient to bring an injury, which was sustained as a result of the telephonic termination of his employment fifteen minutes later, within the meaning of an injury which arose in the course of employment and was related thereto. *Id.* Rather, the claimant, while at home, was notified by his employer that he was discharged because he had violated the employer's rule against fighting and that he should, therefore, not report to work. We cannot construe an injury occurring in an employee's own home *following* receipt of notice that he was *no longer employed* as having arisen in the furtherance of the business or affairs of the employer. *Weingrad v. Byberry State Hospital,* 26 Pa. Commonwealth Ct. 410, 363 A.2d 833 (1976). While the referee, therefore, correctly concluded that the claimant had not sustained a compensable injury, he erred in basing his conclusion upon the fact that the injury had occurred off the premises while the claimant was not actually engaged in the furtherance of the employer's business.

It should be noted, of course, that both the February 21, 1980 decision of the referee and the October 16, 1980 opinion of the Board pre-dated our Supreme Court's enunciation in *Krawchuk* of the correct standard to be applied in determining whether or not an injury is compensable and although the referee and the Board did not apply the correct standard, they reached the correct legal result. And, inasmuch as the findings of fact are sufficient to support the standard set forth in *Krawchuk*, we do not find it necessary to remand this matter but will affirm.

### ORDER

AND NOW, this 8th day of July, 1982, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.

Judge MENCER did not participate in the decision in this case.