Gerald C. Setley, Petitioner *v.* Workmen's Compensation Appeal Board (Kawecki Berylco Industries), Respondents.

Argued March 4, 1982, before Judges CRAIG, MAC-PHAIL and DOYLE, sitting as a panel of three.

*Marc S. Jacobs,* of counsel: *Galfand, Berger, Senesky, Lurie & March,* for petitioner.

*Barbara L. Hollenbach,* with her *Robert H. Holland, Holland, Taylor & Sorrentino,* for respondents, Kawecki Berylco Industries.

OPINION BY JUDGE DOYLE, September 30, 1982:

Gerald C. Setley, (Claimant) appeals from the order of the Workmen's Compensation Appeal Board (Board) which affirmed the decision of a referee to deny workmen's compensation benefits. For the reasons which follow, we affirm the order of the Board.

Claimant is employed as a junior technician in the research and development department of Kawecki Berylco Industries (Employer). Although Claimant

usually worked during the second shift (8:00 a.m. to 4:30 p.m.), one of the conditions of his employment required that he be available to work different shifts. On Friday, December 12, 1975, Claimant was informed by his supervisor, Jim Eorgan, that he was scheduled to work the first shift (12:00 a.m. to 8:30 a.m.) during the following week. Claimant, who objected to working this shift refused to report for work at midnight on Sunday, December 14th. Instead, Claimant reported to work at 8:00 a.m. on Monday, December 15th. Later the same day, two meetings were held to resolve confusion concerning Claimant's schedule. Attending these meetings were the Claimant, Claimant's supervisors, Employer's personnel director and three union representatives. As a result of these meetings, it was determined that Claimant would complete the shift in progress and then return to work the first shift of the following day, September 16, 1975. Thus, Claimant worked from 8:00 a.m. to 4:30 p.m. on Monday, and from 12:00 midnight to 8:30 a.m. on Tuesday morning. At 8:30 a.m., following the completion of his Tuesday shift, Claimant left Employer's premises. While enroute to his home, Claimant fell asleep at the wheel of his car and became involved in a motor vehicle accident. As a result thereof, Claimant sustained serious injury.

After hearings on Claimant's entitlement to workmen's compensation benefits, the referee made seventeen findings of fact and concluded that the injury did not occur within the scope of Claimant's employment. Whether Claimant's injury was sustained in the course of his employment is a question of law to be determined from the findings of fact, while giving liberal construction to the statutory requirements. *Tredyffrin-Easttown School District v. Breyer*, 48 Pa. Commonwealth Ct. 81, 408 A.2d 1194 (1979). As a question of law, this issue is within our scope of re-

view. *Cook v. Workmen's Compensation Appeal Board,* 64 Pa. Commonwealth Ct. 278, 440 A.2d 652 (1982).

Since Claimant's injury occurred after he had left Employer's premises while he was enroute to his residence, we must apply the "going and coming rule." Under this rule, an injury sustained while the employee is going to or coming from work does not occur in the course of employment unless one of the following exceptions is shown to exist:

1. claimant's employment contract includes transportation to and from work;

2. claimant has no fixed place of work;

3. claimant is on a special mission for employer; or

4. Special circumstances are such that claimant was furthering the business of the employer.

*Davis v. Workmen's Compensation Appeal Board,* 41 Pa. Commonwealth Ct. 262, 398 A.2d 1105 (1979); *Rabenstein v. State Workmen's Insurance Fund,* 15 Pa. Commonwealth Ct. 160, 325 A.2d 681 (1974). A thorough review of the record reveals that Claimant's employment contract did not include transportation to and from work. At the time of the injury, Claimant's place of work was fixed at Employer's Boyertown plant. There is also no evidence that Claimant was on a special mission for Employer. Furthermore, the special circumstances exception does not apply because the trip home on December 16th was for Claimant's convenience, and did not relate to any request by Employer to perform work there. *LoPresti v. Workmen's Compensation Appeal Board,* 35 Pa. Commonwealth Ct. 7, 384 A.2d 1017 (1978). Therefore, since no exception to the going and coming rule is

present, Claimant's injury did not occur in the course of his employment.

Claimant argues that Employer's requirement that he complete two eight-hour shifts within a twenty-four hour period created a condition of fatigue which was the proximate cause of the automobile accident in which Claimant sustained the injury for which he seeks compensation. Claimant contends, therefore, that we should conclude that Claimant's injury was related to his employment. We find, however, no need to address the issue of whether Claimant's injury was related to his employment. Section 301(c) of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §411, provides in pertinent part: "The terms 'injury' and 'personal injury' as used in this act, shall be construed to mean an injury to an employe ... arising in the course of his employment and related thereto. ..." The plain meaning of this portion of Section 301(c) requires that the claimant establish not only that the injury was related to his employment but also that the injury occurred in the course of his employment. *Halaski v. Hilton Hotel,* 487 Pa. 313, 409 A.2d 367 (1979); *Capitol International Airways, Inc. v. Workmen's Compensation Appeal Board,* 58 Pa. Commonwealth Ct. 551, 428 A.2d 295 (1981). Therefore, since the referee's conclusion that Claimant's injury did not occur in the course of his employment is supported by substantial evidence, we affirm the order of the Board.

ORDER

Now, September 30, 1982, the order of the Workmen's Compensation Appeal Board at docket number A-74597 dated December 11, 1980 is hereby affirmed.

Judge MENCER did not participate in the decision in this case.