William F. Rittner Co., Petitioner *v.* Workmen's Compensation Appeal Board (Ernest L. Rittner, deceased, by Janice Rittner, his widow), Respondents.

Ernest L. Rittner, deceased by Janice Rittner, his widow, Petitioner *v.* Workmen's Compensation Appeal Board (William F. Rittner Co.), Respondents.

Argued November 18, 1982, before Judges BLATT, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

*Ronald M. Katzman, Goldberg, Evans & Katzman, P.C.,* for petitioner, William F. Rittner Co.

*Robert J. Stewart,* with him *Patricia A. Butler, Liverant, Senft and Cohen,* for respondents, Ernest L. Rittner, deceased, by Janice Rittner, his widow.

OPINION BY JUDGE WILLIAMS, JR., August 29, 1983:

This case consolidates two appeals from the decision and order of the Workmen's Compensation Appeal Board (Board). The William F. Rittner Co. (Employer) appeals from the Board's affirmance of a referee's decision granting compensation to the widow and minor children of Ernest L. Rittner (Decedent), who was killed in a motor vehicle accident while driving a van owned and maintained by the Employer. (No. 3040 C.D. 1981) The Decedent's widow (Claimant) appeals from the Board's affirmance of the referee's denial of the Claimant's petition for attorneys fees and penalties under Section 440 of The Pennsylvania Workmen's Compensation Act.[1] (No. 3148 C.D. 1981)

The factual context of the case can be drawn from the referee's findings of fact, which have not been challenged by either party. Those findings indicate that the Decedent, at the time of his death on

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* added by Section 3 of the Act of February 8, 1972, P.L. 25, 77 P.S. §996.

December 20, 1978, was a 30% stockholder and vice-president of operations for the Employer.[2] The Employer is a supplier of food products to institutions such as hotels, restaurants, and schools. In his capacity as a vice-president of operations, the Decedent was responsible for ensuring deliveries and for management of the Employer's personnel, warehouse and equipment. As part of the contract of employment, the Employer supplied the Decedent with a station wagon for the personal use of himself and his family, and a utility van which the Decedent drove back and forth to work each day. The Decedent was on call 24 hours a day, and utilized the van not only during the regular work day, but also after working hours to make special deliveries, and to respond to emergencies at the Employer's premises and out on the road.

With respect to the circumstances of the fatal accident, the referee found that the Decedent was driving alone in the van when the accident occurred sometime between 5:15 and 5:25 p.m. on December 20, 1978. According to the referee's findings, the Decedent left the Employer's premises sometime between 4:40 and 4:55 p.m. and was headed home at the time of the accident. Although the road on which the accident occurred was not the most direct route to the Decedent's residence, the referee concluded that the Decedent probably deviated from the most direct route due to hazardous driving conditions. On the basis of these findings, the referee concluded as a matter of law that the Decedent was, at the time of the accident, engaged in the scope of his employment as defined by Section 301(c)(1) of the Workmen's Compensation

---

[2] The fact that the claimant was an executive officer of the business does not foreclose his entitlement to benefits. *Forschner v. Workmen's Compensation Appeal Board*, 60 Pa. Commonwealth Ct. 258, 431 A.2d 374 (1981).

Act,[3] and that his fatal injuries are therefore compensable.

The crux of the Employer's argument is that the Claimant failed to prove that at the time of the accident the Decedent was actually engaged in the business or affairs of his employer. The Employer challenges the proposition announced by the Board that "[i]f the employer provides a van for use in the business after the employee reaches his home, it can only follow as a matter of law that the employee is within the scope of his employment while driving it home." Whether that proposition, as applied to this case, is consistent with the statutory and decisional authorities is the issue we must resolve.

Before launching into a discussion of the tenets and authorities which govern the question of whether the Decedent was engaged in the scope of his employment at the time of his death, we note the well-settled guidelines which determine our scope of review in cases such as this. The scope of appellate review is confined to an examination of the record to determine whether the findings of fact made by the referee are supported by substantial evidence,[4] and whether there

---

[3] Section 301(c)(1), 77 P.S. §411(c)(1), reads in pertinent part as follows:

The terms "injury" and "personal injury" as used in this act, shall be construed to mean an injury to an employe,... arising in the course of his employment and related thereto,... and wherever death is mentioned as a cause for compensation under this act, it shall mean only death resulting from such injury.... The term "injury arising in the course of his employment," ... shall include all other injuries sustained while the employe is actually engaged in the furtherance of the business or affairs of the employer, whether upon the employer's premises or elsewhere.

[4] The referee is the ultimate fact-finder where, as here, the Board has taken no additional evidence. *Crouse v. Workmen's Compensation Appeal Board*, 57 Pa. Commonwealth Ct. 430, 426 A.2d 749 (1981).

has been a constitutional violation or error of law. *Krawchuk v. Philadelphia Electric Co.*, 497 Pa. 115, 439 A.2d 627 (1981). We do not read the Employer's appeal as challenging the factual findings of the referee. In any event, our review of the record indicates that there is substantial evidence to support each of the referee's findings. Moreover, whether a claimant was in the course of employment at the time of injury is a question of law to be determined on the basis of the findings of fact. *Setley v. Workmen's Compensation Appeal Board*, 69 Pa. Commonwealth Ct. 241, 451 A.2d 10 (1982). Therefore, our responsibility in this case is to assess whether the application of appropriate legal principles to the referee's findings requires a legal conclusion that the Claimant satisfied her burden of proving that the Decedent was in the course of his employment at the time of his fatal injuries. *See Krawchuk.*

We have repeatedly applied the "going-and-coming rule" to claims that arise from injuries which occurred after the claimant left the employer's premises enroute to his residence. Under that rule, an injury sustained while an employee is going to or coming from work does not occur in the course of employment unless at least one of the following exceptions is met:

1. claimant's employment contract includes transportation to and from work;
2. claimant has no fixed place of work;
3. claimant is on a special mission for employer; or
4. special circumstances are such that claimant was furthering the business of the employer.

*Setley*, 69 Pa. Commonwealth Ct. at 244, 451 A.2d at 11; *Davis v. Workmen's Compensation Appeal Board*, 41 Pa. Commonwealth Ct. 262, 398 A.2d 1105 (1979). Based on the referee's findings, we conclude that the

Claimant established two of these exceptions: provision of the utility van for travel back and forth to work was part of the Decedent's employment contract; and the need for the Decedent to have the van constantly available to respond to emergencies in the operation of the Employer's business created special circumstances which made the Decedent's trips with the van, to and from work, activities which furthered the business of the Employer. As the Board succinctly observed, how else could the Decedent use the van for the business after reaching home but to drive it there. There is no merit to the Employer's contention that the Claimant was required to show that, at the time of the accident, the Decedent was actually engaged in some assignment for the employer. Our Supreme Court held in *Krawchuk* that a claimant who has sustained an injury away from the employer's premises may qualify for benefits without proving that his injury occurred while he was actually engaged in the furtherance of the employer's business. *See Hepp v. Workmen's Compensation Appeal Board*, 67 Pa. Commonwealth Ct. 330, 447 A.2d 337 (1982). The Supreme Court stated that it is sufficient for a claimant to show that his injury arose in the course of his employment and was related thereto. *Krawchuk*, 497 Pa. at 124-25, 439 A.2d at 632; *accord, Hepp*, 67 Pa. Commonwealth Ct. at 335, 447 A.2d at 339. Therefore, to require this Claimant to not only prove one or more of the exceptions to the "going and coming rule", but to also show that at the time of the accident the Decedent was actually engaged in furtherance of his employer's business would be directly contrary to the holding of *Krawchuk*.

Furthermore, even if the Claimant were required to show that the Decedent was actually engaged in his employer's business, that requirement would be met in this case. Our conclusion is based on two factors: first, the referee's well-substantiated finding that the Dece-

dent was headed home at the time of the accident; and second, the undisputable fact that it was necessary for the Decedent to drive the van back and forth to work each day in order to comply with the Employer's requirement that he be prepared to respond to emergencies at any time of the day or night. In light of these facts, the conclusion is inescapable that the Decedent, at the time of the accident, was engaged in furtherance of his employer's business.

We are unimpressed by the Employer's prediction that failure to require the Claimant to show that the Decedent was actually engaged in the employer's business at the time of the accident will result in benefits being granted whenever an employer provides a vehicle to an employee, regardless of the purpose for which the employee uses the vehicle. We are, first of all, bound to follow the holding in *Krawchuk*, however troubling the consequences. Furthermore, we have decided a sufficient number of cases involving off-premises injuries — both before and after *Krawchuk* — not to be concerned that our holding in this case will open the floodgates for awards to employees whose activities were wholly unrelated to their employers' affairs. *See, e.g., Hess v. Workmen's Compensation Appeal Board*, 17 Pa. Commonwealth Ct. 87, 329 A.2d 923 (1975) (held that injury sustained in automobile accident did not arise in course of employment where, despite fact that claimant was operating car provided by employer, there was evidence that employer had no business dealings in vicinity where accident occurred, and that claimant had business connection with another company).

We also find no error in the Board's affirmance of the denial of the Claimant's petition for attorneys fees. This issue, like the other issue in these appeals, is one of law. *Edmond v. Workmen's Compensation Appeal Board*, 43 Pa. Commonwealth Ct. 458, 402 A.2d 715

(1979). Section 440 of the Workmen's Compensation Act provides that a prevailing claimant shall be awarded reasonable attorneys fees; however, an award of fees may be excluded "when a reasonable basis for the contest has been established." While we think this a close case, several factors lead us to conclude that there was a reasonable basis for the Employer's challenge to the claim. First, the claim arose and was litigated below prior to our Supreme Court's decision in *Krawchuk*. That case significantly lessened the burden of a claimant seeking compensation for an off-premises injury. Second, there were significant questions of fact regarding the Decedent's destination at the time of the accident, especially in light of the fact that the van was not on the most direct route to the claimant's house when the accident occurred. Finally, the fact that the principal stockholder of the Employer was the Decedent's father-in-law and the Claimant's father might have reasonably justified more careful scrutiny of the claim in order to eliminate any suggestion of collusion.

Accordingly, we affirm the decision of the Board both with respect to its granting compensation to Claimant, and the denial of the petition for attorneys fees.

### Order

AND Now, this 29th day of August, 1983, the order of the Workmen's Compensation Appeal Board at Decision A-80721 is affirmed.