517 A.2d 586

Kevin Kear, Petitioner *v.* Workmen's Compensation Appeal Board (Fairman Drilling Company), Respondents.

Argued September 11, 1986, before Judges DOYLE and BARRY, and Senior Judge KALISH, sitting as a panel of three.

*John D. Hendricks,* for petitioner.

No appearance for respondent.

OPINION BY JUDGE BARRY, November 14, 1986:

This appeal results from an order of the Workmen's Compensation Appeal Board (Board) which reversed a referee's decision granting benefits to the claimant, Kevin Kear (claimant).

Claimant, a foreman on a drilling operation for the employer, Fairman Drilling Company, was severely injured on his way to work. That injury resulted from a collision between an automobile and the motorcycle claimant was riding. Claimant immediately notified his employer of the accident.

Thereafter claimant timely filed a claim petition seeking benefits for disability and medical expenses. In his petition, claimant maintained, among other things, that he "was traveling to [the] work site pursuant to employer's instructions" at the time. The employer filed a denial, and proceedings thereafter commenced before a referee.

Claimant appeared and testified that, among other things, he was paid $20 per day for his travel expenses. The employer, however, claimed that such sums were only paid on a per diem basis to employees who found and utilized commercial lodging near the drilling site and who produced receipts showing that they incurred expenses for such lodging. Claimant, in response, however, testified that he was paid the $20 amount routinely, and "that [it was the] normal practice with [the employer] to pay" its employees when travel was

required. *N.T.*, 5/8/81, at 17. It is undisputed that no formal contract of employment existed.

The claimant's testimony was believed by the referee, who found that

the claimant testified that he received funds from his employer as travel expenses and your Referee accepts this testimony as a matter of fact.

*Referee's Finding of Fact # 12.* So finding, the referee concluded that claimant was in the course of his employment and awarded benefits.

On appeal the Board reversed, stating that

the employer did provide a payment of twenty ($20.00) dollars per day for those days when an employee would submit a receipt for payment on lodging at a place near the drill site. No employee was required to stay in such lodging and no payment was provided for transportation expenses to and from such lodging.

*Board Decision* at 2. The Board then reversed the referee's award, and claimant in turn petitioned for review in this Court.

Our scope of review is, of course, limited to a determination of whether constitutional rights have been violated, whether the referee's findings of fact are supported by substantial evidence, or whether an error of law has been committed. *See* 2 Pa. C. S. §704. *See also Estate of Francis J. McGovern v. State Employees' Retirement Board,* 512 Pa. 377, 517 A.2d 523 (slip op. at 5) (No. 18 M.D. Appeal Dckt. 1985, filed November 5, 1986). Whether a claimant was in the course and scope of his employment at the time of injury is a question of law to be determined on the basis of the findings of fact. *Rittner v. Workmen's Compensation Appeal Board (Rittner),* 76 Pa. Commonwealth Ct. 596, 600, 464 A.2d 675, 678 (1983). We must, then, determine

whether the "application of appropriate legal principles to the referee's findings requires a legal conclusion that the claimant satisfied [his] burden of proving that [he] was in the course of his employment at the time of his [injury]." *Id.*

It is well established that an employee "coming and going" to and from work, respectively, is not to be considered as being in the course of employment for purposes of workmen's compensation. *Setley v. Workmen's Compensation Appeal Board,* 69 Pa. Commonwealth Ct. 241, 451 A.2d 10 (1982). Four exceptions, however, exist, and before the referee claimant sought to establish that one of them—that his "employment contract included transportation to and from work"[1]— was applicable. Toward that end, as recited above, claimant testified, successfully, that he received a twenty dollar expense reimbursement, for each day, to cover his transportation to work. That testimony was as follows:

[Employer's Counsel]:
Mr. Kear, you stated that your employer paid you for the time that you were driving or riding from your home to the work site. Was that—are you saying he paid you mileage?

---

[1] *See Rittner,* 76 Pa. Commonwealth Ct. at 600, 464 A.2d at 678. *See also Ofcansky v. Workmen's Compensation Appeal Board (Lincoln Hills Country Club),* 69 Pa. Commonwealth Ct. 249, 250-51, 450 A.2d 806, 806 (1983)
The exceptions, listed in full, are as follows:
(1) Claimant's employment contract includes transportation to and from work;
(2) Claimant has no fixed place of work;
(3) Claimant is on a special mission for employer; or
(4) Special circumstances are such that claimant was furthering the business of the employer.
*Rittner,* 76 Pa. Commonwealth Ct. at 600, 464 A.2d at 678.

[Claimant]:

Just $20 a day expenses.

[Employer's Attorney]:

$20 a day. Wasn't that for hotel expenses so that you could, if you desired, stay in a hotel in the Belle Vernon [drill site] area rather than driving back and forth to Dubois [claimant's home] every day?

[Claimant]:

Yes, if I desire.

. . . .

[Claimant's Attorney]:

The money he paid you, that was to stay there or for travel, it was up to you where you lived?

[Claimant]:

Yes.

N.T., 5/8/81, at 12-13. Claimant likewise testified, as stated above, that it was the "normal practice with [the] company to pay [him] when [he had] to travel[.]" *Id.* at 17. All of this was vigorously contested by the employer, which testified that the $20 was paid only to those who produced receipts reflecting their over-night lodging near the job-site. *See id.* at 14-16. *And see N.T.*, 11/19/86, at 12-17.

It is, however, within the realm of the referee to resolve factual disputes, and in the present case the referee concluded, based upon claimant's testimony, that the claimant *did* receive funds from the employer as travel expenses. The Board thus clearly erred by substituting its own factual finding to the contrary. *Universal Cyclops Steel Corp. v. Workmen's Compensation Appeal Board,* 9 Pa. Commonwealth Ct. 176, 305 A.2d 757 (1973). The only issue, then, is whether the factual finding of claimant's routine receipt of monies as travel expense payments supports the *legal* conclusion that "claimant's employment contract include[d] transportation to and from work[.]" *Rittner.*

In this respect, we note that this Court has recently indicated that there is no *per se* rule which correlates the receipt of transportation expenses with the existence of a contract which, for workmen's compensation purposes, makes every trip to and from work necessarily in the course of employment. In *Peer v. Workmen's Compensation Appeal Board (B&W Constr.)*, 94 Pa. Commonwealth Ct. 540, 503 A.2d 1096 (1986), benefits were denied to a worker injured on his way to work on his motorcyle, notwithstanding the fact that "the collective bargaining agreement between Employer and Claimant's union provided for a travel allowance. . . ." *Id.* at 544, 503 A.2d at 1098. We reasoned as follows:

> [T]he Board properly rejected the referee's legal conclusion that such an agreement, in and of itself, places claimant's travels to and from work within the course of his employment. [T]he agreement specified that car fare was to be paid to union members according to a formula which utilized the distance between an employee's place of employment and the City Hall of Pittsburgh, without consideration as to the actual distance union members would travel. . . . *Although this provision . . . provided extra compensation to union members, it neither required Employer to provide transportation, nor did it allow Employer to exercise control over the means of transportation chosen by individual employees. Moreover, the allowance did not further the business of Employer.*

*Id.* at 544-545, 503 A.2d at 1098. Although *Peer* applied what may be termed a "three-factor analysis" in the foregoing excerpt, it is manifest that the *last* factor articulated is to be the focus in determining whether receipt of monies for travel expenses brings the employee with-

in the course of his employment. Indeed, we prefaced our analysis in *Peer* by reaffirming that:

> [The coming and going rule] is grounded on the recognition that in the usual case an employee travelling to or from work is neither on the premises of his employer, nor engaged in the furtherance of his employer's affairs, as required by Section 301(c) of the Act.

*Id.* at 544, 503 A.2d at 1098.

In the present case, we conclude that claimant's traveling to work was in furtherance of his employer's affairs. The nature of the employer's undertaking involved establishment of workplaces at various and sundry sites, creating an occupational environment in which work could be and was concentrated far from an employee's home. Significantly, in the present case claimant's accident occurred while en route from his residence in DuBois to the drill-site in Belle Vernon, a distance of nearly one hundred miles, while in *Peer,* the distance traveled was only thirty-five miles. *Id.* at 544, 503 A.2d at 1097.

It is undisputed that, in recognition of such work conditions, a per diem was paid for those who found lodging near the drill site.[2] These payments were made in recognition of the unique character of the employer's business, to make advantageous and attractive continued employment. Such monies were, however, as we are satisfied, paid to the claimant when he chose to undertake the long commute. In the presence of such facts, and in light of the nature of the employer's business, we believe that claimant's contract can be said to

---

[2] This stipulation is derived from the testimony of the employer's witnesses. The State Workmen's Insurance Fund was precluded from briefing or arguing the present case, having failed to respond to any notices of petitioner or of this Court since the filing of the petition for review.

200

have included transportation to and from work, and that such transportation proximately furthered the employer's business.

Reversed.

ORDER

Now, November 14, 1986, the Order of the Workmen's Compensation Appeal Board, No. A-84397, filed April 12, 1984, is hereby reversed.