522 A.2d 1195

Chadds Ford Restoration, Inc., Petitioner *v*. Workmen's Compensation Appeal Board (Robert Ford), Respondents.

Submitted on briefs February 23, 1987, to Judges CRAIG and DOYLE, and Senior Judge KALISH, sitting as a panel of three.

*Douglas P. Thomas, Hepburn, Willcox, Hamilton &*
*Putnam,* for petitioner.

*Richard N. Shapiro,* for respondent, Robert Ford.

OPINION BY JUDGE CRAIG, March 24, 1987:

Chadds Ford Restoration, Inc. appeals from an order of the Workmen's Compensation Appeal Board affirming a referee's decision on remand granting benefits. We reverse.

Initially, a referee had denied compensation benefits to Robert J. Ford on the ground that he was not in the course of his employment at the time of his accident. On appeal, without making new findings of fact, the board reversed the referee's decision, concluding as a matter of law that the claimant was in the course of employment when injured because he was on a special mission for the employer. Accordingly, the board remanded the case to the referee for a computation of benefits. On remand, a referee issued a decision consistent with the board's reversal order. The employer appealed, and the board affirmed.

According to the referee's findings, the claimant worked as a painter and general helper for the employer. On July 26, 1982, the claimant purchased a paintbrush and roller at a hardware store on his way home from work. On July 27, 1982, the claimant was traveling to work on his motorcycle, carrying with him the paintbrush and roller, when he was involved in an accident. That accident occurred approximately 14-½ hours after the claimant made his purchases at the store.

The only disputed factual issue is whether the employer had directed the claimant to purchase the roller and the paintbrush. The referee's decision on remand included a specific finding that the claimant left work and "went, at the direction of his employer, to purchase supplies he would need for the performance of his job duties on the following day."[1] The claimant stated that his supervisor told him that he had to have those items in order to work the next day, and that the employer's practice was to reimburse employees for necessary supplies which they purchased on their own. Although there is substantial evidence to support the finding that the employer directed the claimant to make those purchases, that finding is not crucial to this decision.

The claimant sustained injuries while making his usual daily commute to work. This court has repeatedly applied the "going-and-coming rule" to claims that arise from injuries which occurred between the employer's premises and the claimant's residence. Under that rule, an employee who is injured going to or coming from work is not considered in the course of employment unless (1) the claimant's employment contract includes transportation to and from work; (2) the claimant has no fixed place of work; (3) the claimant is on a special mission for the employer; or (4) special circumstances are such that the claimant was furthering the business of the employer. *Wm. F. Rittner Co. v. Workmen's Compensation Appeal Board*, 76 Pa. Commonwealth Ct. 596, 464 A.2d 675 (1983).

The referee determined on remand that the claimant was in the course of employment when he sustained injuries because "as a matter of law [the claimant] was on a special mission for his employer and special circumstances were such that the Claimant was furthering

---

[1] Referee's Finding of Fact No. 2.

the business of his employer at the time he sustained his injuries."[2]

The issue is whether the board made a mistake of law[3] in determining that, at the time of the claimant's accident on his way to work, he was in the course of his employment because he was then on a special mission for the employer, or otherwise furthering the employer's business, in that he was carrying items which he had purchased the previous day at the direction of his employer.

Contrary to the claimant's contentions, the claimant was not in the process of "delivering materials" to the workplace when he was injured; he was merely bringing with him certain employer-designated tools which he needed to perform his job duties that day.

Employees commonly carry tools on their regular commuting journey to work, including employer-supplied or employer-financed tools. If this court were to hold that incidental carrying of a work-related item on a regular commuting trip could be sufficient to place an employee in the course of employment, the compensation authorities and this court would be faced with unreasonable distinctions: Should the result depend upon whether the employer might thereafter reimburse the employee for the cost of the tool? In the case of a commuting office worker, must the contents of his briefcase be considered? Where an employer reimburses a worker for his safety shoes, is he in the course of employment on the morning he first wears new shoes to the job? Such a path would lead to confusion.

---

[2] Referee's Conclusion of Law No. 3.

[3] This court's scope of review is limited to determining whether there has been a constitutional violation or an error of law and whether substantial evidence supports the findings. *Estate of Francis J. McGovern v. State Employees' Retirement Board*, 512 Pa. 377, 517 A.2d 523 (1986).

On these facts, our conclusion, as a matter of law, is that the claimant was not in the course of employment when injured.

All the cases cited by the claimant are distinguishable in that they involved accidents at the workplace itself, traveling employees, actual work off premises, or activity in relation to an employer-owned vehicle.

Accordingly, we must reverse the board's decision.

ORDER

Now, March 24, 1987, the order of the Workmen's Compensation Appeal Board, at No. A-90504, dated January 27, 1986, is reversed.