535 A.2d 1236

Earl E. Beebe, Deceased, Margaret M. Beebe, Widow, Petitioner *v.* Workmen's Compensation Appeal Board (Bendix Corporation), Respondents.

Argued November 16, 1987, before Judges CRAIG, COLINS, and Senior Judge BARBIERI, sitting as a panel of three.

*Paul Philip Ackourey,* for petitioner.

*William E. Wyatt, Jr., Bialkowski, Fine* & *Bialkowski, P.C.,* for respondent.

OPINION BY SENIOR JUDGE BARBIERI, January 19, 1988:

Margaret M. Beebe, widow of Earl E. Beebe, deceased, Claimant in this fatal claim petition proceeding under Section 307 of The Pennsylvania Workmen's Compensation Act (Act),[1] appeals here the order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's disallowance of benefits for the death of the deceased employee, Earl E. Beebe. We affirm.

The referee found that decedent, age 57 at the time of his death, was a cigarette smoker, smoking 2 to 3 packs per day from the age of 13 until 1970, and a pipe thereafter until July of 1979. He died on November 19, 1979, with the cause of death stated as chronic obstructive pulmonary disease. As to decedent's employment, the referee found:

> 8. The decedent was employed by the defendant as a bench hand for some years. In this job, he cleaned rotors and commutators with sandpaper or brass. He used acetone for cleaning. He did not handle other chemicals. His previous

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§542, 561, 562 and 581.

jobs with the defendant were as a sandblaster, chipper, janitor, maintenance mechanic and chip segregator.

Claimant averred that decedent's employment with Bendix Corporation exposed him to cleaning and acidic solutions which produced noxious fumes, and the cleaning of parts generated dust in the air and around decedent's work environment over a period of some 26 years of employment at Bendix. As to decedent's condition prior to the time of his death, the referee found that he had been hospitalized on many occasions for lung disorders. The referee further found:

6. The immediate cause of death was respiratory failure due to chronic obstructive pulmonary disease. The decedent also had generalized arteriosclerotic cardiovascular heart disease and left ventricular failure as well as diabetes mellitus and exogenous obesity.

. . . .

9. A variety of chemicals were used in spaces which adjoined the decedent's workplace. The presence of these chemicals in the atmosphere did not exceed OSHA threshold limits.

10. The decedent's chronic obstructive pulmonary disease was caused by his excessive smoking. The condition of the atmosphere at the decedent's place of work was not a substantial contributing factor in the development of the decedent's chronic obstructive pulmonary disease. Your Referee is persuaded by the analysis and opinion of Dr. Durelle T. Scott.

The referee concluded that the decedent's death was not caused by a work-related injury and that his exposure to chemicals at his work place was not a substantial contributing cause to the decedent's death. Conclusions of Law 1 and 2.

On appeal, the Board affirmed, noting that although Claimant's medical witnesses gave testimony, the referee chose to be persuaded by the testimony of Dr. Durelle T. Scott, Defendant's medical witness, and the Board pointed out that this was the unreviewable prerogative of the referee, citing our decision in *Sell v. Workmen's Compensation Appeal Board,* 62 Pa. Commonwealth Ct. 5, 434 A.2d 904 (1981).

Claimant presents for our review two questions: (1) whether substantial and competent evidence of record exists to support the referee's findings of fact, and (2) whether the referee capriciously disregarded testimony of Claimant's medical witnesses.

We note at the outset that the capricious disregard of the evidence test was specifically rejected by our Supreme Court in the *Estate of McGovern v. State Employees' Retirement System,* 512 Pa. 377, 517 A.2d 523 (1986), under which a Board's order is only reviewable to determine whether a constitutional right was violated, an error of law committed, or any necessary factual finding is not supported by competent evidence. *See also Kear v. Workmen's Compensation Appeal Board (Fairman Drilling Co.),* 102 Pa. Commonwealth Ct. 193, 517 A.2d 586 (1986).

We also find no merit in Claimant's first contention that the compensation authorities are in error in failing to find that the deceased employee's death was a result of his employment with Bendix. We note that, of course, it is the Claimant's burden to establish a causal relationship between the death of the employee and his employment, but the ultimate fact-finder in workmen's compensation cases is the referee and he has the sole prerogative of resolving questions of credibility and conflicts in the testimony, *Ruhl v. Workmen's Compensation Appeal Board (Erie County Geriatric Center),* 102 Pa. Commonwealth Ct. 374, 518 A.2d 345 (1986), and

the referee may accept or reject, in whole or in part, the testimony of any witness. *Id.*

Our study of the record reveals that the referee in considering conflicting medical testimony as to a possible causal relationship between the deceased employee's death and his work place activities resolved the conflicts by rejecting Claimant's medical evidence, accepting that of the Defendant, and since there was no impropriety and the findings on which the disallowance is based are supported by substantial evidence,[2] we will affirm the Board's order.

### ORDER

Now, January 19, 1988, the order of the Workmen's Compensation Appeal Board, as of No. A-89922, dated July 25, 1986, is hereby affirmed.

---

[2] The referee's determinative finding, No. 10, quoted above, is supported by substantial evidence in the testimony of Dr. Durelle T. Scott, adopted by the referee, as follows:

Given those facts, I would reach the conclusion that the known factor and the significant exposure is that of cigarette smoking.

And on cross-examination, as follows:

Q. Would you agree with Dr. Garman that Mr. Beebe's impairment is a multifactorial illness?

A. On the basis of the information that I reviewed, I do not believe it is. I believe the disease was caused by the use of tobacco. I do not believe there is any evidence that I reviewed that suggests that these other exposures had a relationship to his lung disease.