BIESTER Jr., J.,
This case arises out of a motor vehicle accident that occurred on January 12, 1984 on Route 532 in Northampton Township. William Hastings, plaintiff, was struck in the rear of his 1984 Ford Thunderbird by another vehicle. The accident occurred in the late afternoon when the plaintiff was on his way home from his job as a car salesman for John Kennedy Ford. The car which plaintiff was driving was a demonstrator car owned by his employer, John Kennedy Ford.
The accident resulted in plaintiff sustaining various personal injuries and disabilities which required *440 extensive medical treatment. Plaintiff began receiving first-party medical and wage loss benefits from defendant, Pennsylvania National Mutual Insurance Company (Penn Mutual), the no-fault carrier for John Kennedy Ford. In August 1984 plaintiff brought suit against Penn Mutual alleging that defendant had wrongfully ceased paying first-party benefits, called no-fault benefits, as of May 15, 1984. Penn Mutual alleged in its answer and new matter that all required no-fault payments had been made to plaintiff and also alleged that plaintiffs injuries were covered by workers’ compensation. Defendant Penn Mutual then impled John Kennedy Ford and its workers’ compensation carrier, American Fire and Casualty Company, as third-party defendants. Penn Mutual alleged that plaintiff’s injuries occurred in the course and scope of his employment at John Kennedy Ford. Additional defendants, John Kennedy Ford and American Fire and Casualty Company, filed an answer to Penn Mutual’s complaint in the nature of a cross-claim against defendant Penn Mutual.
John Kennedy Ford and American Fire and Casualty Company filed a motion for summary judgment against Penn Mutual based on the grounds that plaintiff was not acting within the scope of his employment when the accident occurred. We denied that motion on February 28, 1989.
Penn Mutual then filed a motion for summary judgment against John Kennedy Ford and American Fire and Casualty Company alleging that Penn Mutual was entitled to reimbursement of all benefits paid to William Hastings. American Fire and Casualty Company and John Kennedy filed briefs in opposition to Penn Mutual’s motion, while plaintiff’s counsel filed no brief in opposition of Penn Mutual’s motion. On November 17, 1990, we granted Penn Mutual’s motion for summary judg *441 ment. American Fire and Casualty Company, John Kennedy Ford and William Hastings appealed our order to the Pennsylvania Superior Court.
DISCUSSION
A motion for summary judgment may be properly granted “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.” Pa.R.C.P. 1035(b); Craddock v. Gross, 350 Pa. Super. 135, 140, 476 A.2d 928, 930 (1984).
When a motion for summary judgment is filed and adequately supported as provided in Pa.R.C.P. 1035, the non-moving party may not rest upon the mere allegations and denials found in his pleadings. To avoid a summary judgment grant, the non-moving party must set forth specific facts by way of affidavit, or as otherwise provided in Rule 1035, demonstrating that a genuine factual issue exists. Phaff v. Gerner, 451 Pa. 146, 149, 303 A.2d 826, 829 (1973); Ressler v. Jones Motor Co. Inc., 337 Pa. Super. 602, 609, 487 A.2d 424, 428 (1985). The critical question in deciding a motion for summary judgment “is whether the admissible evidence in the record, in whatever form, from whatever source, considered in a light most favorable to the respondent to the motion, fails to establish a prima facie case or defense.” In re Japanese Electronic Products Antitrust Litigation, 723 F.2d 238 (3d Cir. 1983), cert. denied, 481 U.S. 1029, 107 S.Ct. 1955, 95 L.Ed. 2d 527 (1987).
The Pennsylvania No-fault Motor Vehicle Insurance Act, 40 Pa.C.S. §1009.106(a)(3), which has been repealed, controls this action and allows for the reimbursement to a no-fault carrier those bene *442 fits paid to an injured employee from anyone found obligated to pay workers’ compensation benefits to that employee. Erie Insurance Exchange v. Balinski, 16 D.&C. 3d 137 (1980). Here, Penn Mutual contends that Mr. Hastings use of the demonstrator vehicle was a requisite function of his job, and as such, any injury sustained by the employee in this “company car” is to be compensated through the employer’s workers’ compensation plan.
The Pennsylvania Commonwealth Court has repeatedly applied the so-called “going-and-coming rule” to claims that arise from injuries which occurred after the claimant left the employer’s premises en-route to his residence. See Rittner v. Workmen’s Compensation Appeal Board, 76 Pa. Commw. 596, 464 A.2d 675 (1983). Under that rule, an injury sustained while an employee is going to or coming from work occurs in the course of employment when at least one of the following criteria is met: “(1) claimant’s employment contract includes transportation to and from work; (2) claimant has no fixed place of work; (3) claimant is on a special mission for his employer; (4) special circumstances are such that claimant was furthering the business of the employer.” Rittner, supra, (citations omitted)
While we could find no Pennsylvania appellate decisions controlling this matter, we find the Tennessee Supreme Court’s holding in Anderson v. Sam Monday Motors, 619 S.W.2d 382 (1981), persuasive. In Sam Monday Motors, an automobile salesman was injured in an automobile accident when the employee had stopped on his way home to purchase milk. The salesman was driving a demonstrator model owned by the employer. The Tennessee Supreme Court held that “the employer chose to furnish the employee with an automobile for the purpose of providing transportation between his place of work and his residence, thereby extending *443 the protection of the Workers’ Compensation Laws to that journey. . Id. at 383. The court further held that “the accident or injury to the employee is held to arise out of and in the course of his employment when it is sustained by the employee while engaged in going to and from work by means of transportation furnished by the employer, as ‘an incident of employment’ or as part of the compensation afforded to the employee. ” Id. (citations omitted; emphasis supplied) See 77 Pa.C.S. §51. See also, 82 Am.Jur. 2d Workers’ Compensation §241 (1976); 99 CJS Workers’ Compensation §235 (1958).
In placing one of its cars on the road, a car dealership is furthering its business. Applying common sense, it would not be so universal a practice if it was not so generally appreciated by the employer that doing so furthers his business. Based upon all evidence submitted on this matter, we had no reservation in finding that Mr. Hastings was furthering the course of his employer’s business. Mr. Hastings received a brand-new automobile at a fraction of its true rental/retail value for obvious business reasons. The accident occurred when Mr. Hastings was leaving Kennedy Ford. Therefore, based on Rittner and persuaded by Sam Monday Motors, we held that Penn Mutual had met its burden by proving that Mr. Hastings was engaged in the furtherance of his employers’ business.