595 A.2d 1150

William HASTINGS, Appellant,

v.

PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSURANCE COMPANY and John Kennedy Ford and American Fire and Casualty Company.

William HASTINGS

v.

PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSURANCE COMPANY and John Kennedy Ford and American Fire and Casualty Co.

Appeal of: JOHN KENNEDY FORD and American Fire and Casualty Co.

Superior Court of Pennsylvania.

Argued June 13, 1991.

Filed July 25, 1991.

Reargument Denied Sept. 26, 1991.

284

---

Thomas J. Mettee, Philadelphia, for appellant (at 2859) and for appellee (at 3062).

Timothy J. Graham, Philadelphia, for appellants (at 3062) and appellees (at 2859).

Glenn A. Ricketti, Philadelphia, for Pa. Nat. Mut., appellee.

Before MONTEMURO, BECK and CERCONE, JJ.

MONTEMURO, Judge:

This is an appeal from an order granting appellees' motion for summary judgment.

In January of 1984, William Hastings sustained serious and permanent injuries when the vehicle he was driving home from his place of employment, appellant John Kennedy Ford, was struck in the rear by another car. Mr. Hastings began receiving first party medical and wage loss benefits from appellee Pennsylvania National Mutual Insurance Company (Penn Mutual), the carrier of John Kennedy Ford's no fault insurance policy. However, the payments ceased in May of 1984, and Mr. Hastings instituted suit against Penn Mutual, alleging wrongful denial of benefits. In its Answer and New Matter, Penn Mutual contended that all required payments had been made, and alleged that as the injuries had occurred within the course and scope of Mr. Hastings employment, they were compensable by worker's compensation. Penn Mutual then impleaded John Kennedy Ford, and its worker's compensation carrier, appellant American Fire and Casualty Company as third party defen-

dants; their answer contained a cross claim against Penn Mutual.

The third party defendants unsuccessfully filed a summary judgment motion alleging that Mr. Hastings was not acting within the course and scope of his employment when the accident occurred. Penn Mutual's subsequent motion for summary judgment claiming entitlement to reimbursement of all payments made to Mr. Hastings was granted, and this appeal followed.

The crux of the matter before us, and the basis of the single issue presented, is whether Mr. Hastings was acting in the course and scope of his employment because the vehicle he was driving at the time of the accident had been provided by the automobile dealership which employed him as a salesman.

Prior to addressing this issue, we reiterate the standard to be applied where the grant of summary judgment has been challenged.

> We will uphold a grant of summary judgment only in those cases in which the pleadings, depositions, interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Pa.R.C.P. 1035(b). In reviewing a grant of summary judgment, we accept as true all well-pleaded facts in the non-moving party's pleadings and give the non-moving party the benefit of all reasonable inferences to be drawn therefrom. *Lookenbill v. Garrett,* 340 Pa.Super. 435, 490 A.2d 857 (1985).

*Rosen v. Tessoro Petroleum Corporation,* 399 Pa.Super. 226, 228–29, 582 A.2d 27, 28–29 (1990).

In defining the scope of employment for purposes of worker's compensation, our Supreme Court has ruled that

> Ordinarily the [Worker's Compensation] Acts have no application where the employe is going to or coming from his work. But where the contract of employment provides that the employer shall furnish the means of going

and returning from work, the employe is regarded as engaged in the furtherance of his employer's business during such transportation. *Butrin v. Manion Steel Barrel Company,* 361 Pa. 166, 63 A.2d 345 [1949].

*McIntyre v. Strausser,* 365 Pa. 507, 509, 76 A.2d 220, 221 (1950) (emphasis in original).

■ The exceptions to the "going and coming" rule have been further refined to include four conditions under which the rule would not apply:

1) where the contract of employment included the provision of transportation to and from work;
2) where the claimant has no fixed place of work;
3) where the claimant is on a special mission for his employer;
4) where special circumstances exist such that the claimant is furthering the business of the employer.

*Rittner v. Workmen's Compensation Appeal Board,* 76 Pa.Cmwlth. 596, 600, 464 A.2d 675, 678 (1983). *See also, Hall v. Midland Insurance Company,* 320 Pa.Super. 281, 467 A.2d 324 (1983); *Newman v. Congregation of Mercy and Truth,* 196 Pa.Super. 350, 353, 175 A.2d 160, 162 (1961).

■ It is undisputed that at the time the car was struck, Mr. Hastings was off his employer's premises at the end of a normal work day, with no plans to return until the following morning. The car in question, a 1984 Ford Thunderbird, was unregistered, bearing dealer's license plates, and insured under a fleet policy. Appellant John Kennedy Ford was reimbursed by Mr. Hastings at the rate of approximately $25 per week for the use of this vehicle. It is the status of the car upon which the trial court and the parties have focused their attention in arguing whether Hastings was or was not acting within the course and scope of his employment, appellants insisting that the automobile was furnished solely for Mr. Hastings' benefit, and appellees that the salesman's operation of the car constituted it a mobile advertisement for the manufacturer and the dealership. It is with the latter that the trial court agreed,

relying on decisional law from Tennessee, *Anderson v. Sam Monday Motors*, 619 S.W.2d 382 (1981), to support its conclusion that Mr. Hastings was engaged in furthering his employer's business while driving the car it provided. We are not, however, bound by the law of another state. *Apfelbaum v. Markley*, 134 Pa.Super. 392, 3 A.2d 975 (1939).

In *Hall v. Midland Insurance Company, supra,* this court has addressed a situation with some features closely approximating those herein. In that case the injured party was also a salesman, albeit not of automobiles, who had left for his home at the end of a workday driving a car provided by his employer. He was employed under an oral contract which did not include the provision of transportation to and from work; he had a fixed place of work, did not intend to conduct business at home on the night of the accident, and was not engaged on a special mission for this employer or in any deliberate furtherance of its interests. We found that under those circumstances, the mere fact that the car was owned by the employer could not support the conclusion that Hall's injuries had occurred in the course of his employment. *See also, Hess v. Workman's Compensation Appeal Board,* 17 Pa.Cmwlth. 87, 329 A.2d 923 (1975).

The result in *Hall* serves to underscore two major difficulties with the instant case. As Mr. Hastings accurately points out, only two of the four exceptions could possibly apply, i.e., those concerning contractual arrangements, and furtherance of the employer's business, the latter being based purely on the fact that the car involved is a demonstrator model belonging to an automobile dealer.

Addressing these in reverse order, we find that despite the factual difference between *Hall* and the instant case as to the business in which the claimant is engaged, *Hall* nevertheless controls. Appellee's arguments, which are based on this difference, would have us accept that the small fee charged Hastings by appellant John Kennedy Ford for use of the car evidenced his furtherance of the employer's business, as did the fact that the car bore a

sticker advertising its source. We find neither of these persuasive. In the first instance, and under the circumstances, we find the car to have been provided as a benefit to the employee, the reduced price being incidental to the nature of the employer's business, and thus to the ready availability of such a benefit. As to the sticker, we find that such an advertising method is no more peculiar to a car salesman than to any other driver whose automobile bears the name of the seller.

■ As to the first of these exceptions, the record contains no evidence as to the contents of Hastings' employment contract[1]. Hastings' deposition testimony has been made part of the record only in excerpted form, and we have before us no evidence of the employment relationship from appellants save denials made in the pleadings responsive to appellee's assertions. Whether Hastings was acting in the course and scope of his employment is a question of law to be determined on the basis of the facts of record. *Helinek v. Helinek*, 337 Pa.Super. 497, 502, 487 A.2d 369, 372 (1985). Here, whether appellant John Kennedy Ford was contractually obligated to provide the car, thus constituting Hastings' accident as in the course and scope of his employment, is a genuine issue of material fact. We therefore find that summary judgment was inappropriately entered.

Reversed and remanded for further proceeding consistent with this memorandum. Jurisdiction is relinquished.

---

1. We assume that the contract is oral since no allegation has been made to the contrary, and since no document purporting to be an employment contract has been produced.