623 A.2d 887

**EMPIRE KOSHER POULTRY, INC., and Commerce & Industry Insurance Co., Petitioners,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (ZAFRAN), Respondent.**

Commonwealth Court of Pennsylvania.

Argued Dec. 14, 1992.

Decided March 18, 1993.

Reargument Denied April 29, 1993.

R. Burke McLemore, Jr., for petitioners.

Neil J. Rovner, for respondent.

Before SMITH, and KELLEY, JJ., and SILVESTRI, Senior Judge.

SMITH, Judge.

Empire Kosher Poultry, Inc. (Empire), and Commerce & Industry Insurance Co. (collectively, Employer) appeal from an order of the Workmen's Compensation Appeal Board affirming in part and reversing in part a decision of the referee which denied benefits to Berel Zafran (Claimant)[1]. The issues presented to this Court are whether Claimant was in the course and scope of his employment when he was injured; and whether the Act of December 14, 1982, P.L. 1211, commonly referred to as the Ridesharing Act, 55 P.S. §§ 695.1–695.9, bars recovery under The Pennsylvania Workmen's Compensation Act (Worker's Compensation Act), Act of June 2, 1915, P.L. 736, as amended, 77 P.S. §§ 1–1031, when an employee is injured in the course and scope of his or her employment while riding in a fellow employee's vehicle.

## I.

On July 5, 1989, Claimant filed a claim petition seeking compensation for a work-related injury sustained in an automobile accident on September 21, 1987. Claimant worked as the head rabbi of a kosher chicken processing plant owned by Empire and at the time of the accident, was riding in a fellow employee's car on their way home from work. On the day of the accident, Claimant was going home early to take his wife to be examined by her doctor. Employer denied that the Claimant's injuries occurred in the course and scope of his employment. The referee determined that Claimant was within the course and scope of his employment when injured as his employment contract includes transportation to and from work, and special circumstances involved in Claimant's

1. Claimant died on January 26, 1991.

employment and Empire's necessity to have rabbis travel back and forth from their respective homes are such that Claimant was furthering the business of Empire at the time of injury. The referee, however, concluded that the Ridesharing Act precludes recovery and dismissed the claim petition.

The Board affirmed the referee's finding that Claimant was within the course and scope of his employment when he was injured, yet determined that the Ridesharing Act did not apply since it was intended to prevent worker's compensation coverage where no coverage existed except by ridesharing. Because the Board determined that substantial evidence supported the referee's finding, the Board concluded that Claimant is entitled to benefits under the Worker's Compensation Act.

At the hearing held on December 11, 1989, Claimant presented the deposition testimony of Rabbi Meir Babad, Empire's Vice President of Rabbinic Affairs, Mathew Soccio, Empire's controller, and Rabbi Menachem Bornstein, Empire's mashgichim supervisor of Rabbinic kashruth and the driver of the vehicle. Babad testified that Empire employed between seventy and seventy-five rabbis who resided primarily in Harrisburg, Baltimore or New York, and that the rabbis were required to travel on a daily or weekly basis from their homes to the plant either in vans leased and paid for by Empire, their own vehicles, or the vehicles of other rabbis working in the plant. Babad further testified that as head rabbi, Claimant was on call twenty-four hours a day and that on the day of the accident, Claimant and Bornstein had finished their work for the day at the plant.

Soccio testified that Claimant had an unusual working schedule and was always reimbursed travel expenses when he drove to the plant, that rabbis driving their own vehicles were reimbursed fifteen cents per mile, and that such travel arrangements are typical in the kosher industry. Bornstein testified that he did not always know in advance when he would be requested to drive Claimant to or from work and that on the day of the accident, Claimant called to say that he would ride home with him. Bornstein also stated that he

could not refuse to drive Claimant; that Empire reimbursed him for his mileage expenses to and from his home and his place of employment at the rate of fifteen cents per mile; and that he was paid for his mileage for the day of the accident.

## II.

On appeal to this Court, Employer argues that the determination that Claimant was within the course and scope of his employment at the time of his injury is not supported by substantial evidence and is erroneous as a matter of law. Employer also argues that the plain language of the Ridesharing Act precludes Claimant's recovery under the Worker's Compensation Act. The second issue is one of first impression and resolution of this matter requires close scrutiny of applicable provisions under both acts.[2]

Section 301(c)(1) of the Worker's Compensation Act, 77 P.S. § 411(1), provides in pertinent part:

> The terms 'injury' and 'personal injury,' as used in this act, shall be construed to mean an injury to an employe, regardless of his previous physical condition, arising in the course of his employment and related thereto.... The term 'injury arising in the course of his employment,' ... shall include all other injuries sustained while the employe is actually engaged in the furtherance of the business or affairs of the employer, whether upon the employer's premises or elsewhere....

Whether an employee was acting within the course and scope of his or her employment is a question of law to be determined

---

2. A claimant has the burden to prove that an injury arose in the course of employment and was related thereto. *Krawchuk v. Philadelphia Electric Co.*, 497 Pa. 115, 439 A.2d 627 (1981). When both parties present evidence at the hearing on a claim petition, this Court's scope of review is limited to a determination of whether the referee erred as a matter of law, made findings of fact which are not supported by substantial evidence, or violated constitutional rights. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa.Commonwealth Ct. 436, 550 A.2d 1364 (1988). Substantial evidence is such relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Grabish v. Workmen's Compensation Appeal Board (Trueform Foundations, Inc.)*, 70 Pa.Commonwealth Ct. 542, 453 A.2d 710 (1982).

on the basis of the referee's findings of fact and is reviewable by this Court. *Jones v. Workmen's Compensation Appeal Board (Rehabilitation Coordinators, Inc.)*, 88 Pa.Commonwealth Ct. 426, 489 A.2d 1006 (1985).

As a general rule, injuries sustained by an employee travelling to or from his or her place of work are not compensable under the Worker's Compensation Act. *Peer v. Workmen's Compensation Appeal Board (B & W Constr.)*, 94 Pa.Commonwealth Ct. 540, 503 A.2d 1096 (1986). However, an employee's injury will be considered to have occurred in the course of his employment if: (1) the employment contract included transportation to and from work; (2) the claimant has no fixed place of work; (3) the claimant is on special assignment for the employer; or (4) special circumstances are such that the claimant was furthering the business of the employer. *Jones; William F. Rittner Co. v. Workmen's Compensation Appeal Board (Rittner)*, 76 Pa.Commonwealth Ct. 596, 464 A.2d 675 (1983).

The referee found that Claimant's employment contract included transportation to and from work which is substantially supported by testimony that it was customary in the kosher industry to provide transportation or reimburse for mileage and that Employer adhered to the custom. Once Claimant established that transportation to and from work is part of the terms of his employment, Claimant met his burden to prove that he was entitled to benefits under the Worker's Compensation Act. *See Kear v. Workmen's Compensation Appeal Board (Fairman Drilling Co.)*, 102 Pa.Commonwealth Ct. 193, 517 A.2d 586 (1986) (transportation not part of a formal contract but employee is entitled to benefits pursuant to the terms of his employment because he received a per diem travel expense provided to make continued employment advantageous and attractive).[3]

3. *Compare Peer* (although collective bargaining agreement between employer and employee's union provided for a travel allowance, employee's travels to and from work are not within the course of his employment because, inter alia, employer was not required to provide transportation and because the formula for calculating the car fare did not

■ Having determined that Claimant is entitled to benefits under the Worker's Compensation Act, this Court must then determine if the Ridesharing Act precludes recovery. Section 1 of the Ridesharing Act, 55 P.S. § 695.1, provides in pertinent part:

As used in this act, 'ridesharing arrangement' shall mean any one of the following forms of transportation:

(1) The transportation of not more than 15 passengers where such transportation is incidental to another purpose of the driver who is not engaged in transportation as a business. The term shall include ridesharing arrangements commonly known as carpools and vanpools, used in the transportation of employees to or from their place of employment.

Section 3 of the Ridesharing Act, 55 P.S. § 695.3, provides:

The act of June 2, 1915 (P.L. 736, No. 338), known as 'The Pennsylvania Workmen's Compensation Act,' shall not apply to a passenger injured while participating in a ridesharing arrangement between such passenger's place of residence and place of employment. 'The Pennsylvania Workmen's Compensation Act' shall apply to the driver of a company owned or leased vehicle used in a ridesharing arrangement. (Citation omitted).

The plain language of a statute cannot be disregarded if it is free and clear from all ambiguity. Section 1921(b) of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1921(b); *Community Car Pool Service, Inc. v. Pennsylvania Public Utility Comm'n*, 111 Pa.Commonwealth Ct. 73, 533 A.2d 491 (1987), *appeal denied*, 519 Pa. 668, 548 A.2d 257 (1988). In addition, in enacting statutes, the legislature does not intend a result which is absurd, impossible of execution or unreasonable. 1 Pa.C.S. § 1922(1). As Claimant was in the course and scope of his employment when he was injured, it would be absurd to deny him benefits simply because he was not alone in the vehicle at the time of impact.

consider the actual distance from the employee's home to his place of employment).

Claimant's act of riding with Bornstein does not come within the definition of a "ridesharing arrangement." On the contrary, Bornstein established that his arrangement with Claimant was not one that can be classified as a carpool or vanpool because Claimant called upon him for a ride either to or from work sporadically, frequently without advanced notice, and Bornstein was not in a position to refuse Claimant's requests. In addition, he and Claimant did not share the expenses as Empire reimbursed Bornstein for mileage. Moreover, since Bornstein's terms of employment provide for transportation to and from work, Bornstein's trip home was not in furtherance of his own affairs but was in the course and scope of his employment. Thus, as Bornstein was not merely en route home from work and his transportation of Claimant was in the course and scope of his employment, the use of his automobile to transport Claimant on the day of the accident was not simply incidental to his purpose in returning home from work.[4] Therefore, this arrangement does not constitute a ridesharing arrangement and does not preclude benefits under the Worker's Compensation Act. Accordingly, the order of the Board is affirmed.

## ORDER

AND NOW, this 18th day of March, 1993, the order of the Workmen's Compensation Appeal Board is affirmed.

---

4. *Compare Action, Inc. v. Workmen's Compensation Appeal Board (Talerico)*, 116 Pa.Commonwealth Ct. 81, 540 A.2d 1377 (1988), *aff'd*, 523 Pa. 419, 567 A.2d 1040 (1990) (when an employee left a meeting with no further obligation to employer, he was merely en route home like any other work day and was not in the course and scope of employment).