648 A.2d 1255

**Edmund OLSZEWSKI, Petitioner,**

**v.**

**WORKMEN'S COMPENSATION APPEAL BOARD (ROYAL CHEVROLET AND AMERICAN FIRE AND CASUALTY), Respondents.**

Commonwealth Court of Pennsylvania.

Submitted April 29, 1994.

Decided Sept. 20, 1994.

Reargument Denied Nov. 22, 1994.

522

Daniel K. Bricmont, for petitioner.

Robert J. Grimm, for respondent.

Before SMITH and FRIEDMAN, JJ., and NARICK, Senior Judge.

SMITH, Judge.

Edmund J. Olszewski (Claimant) petitions for review of the September 30, 1993 order of the Workmen's Compensation Appeal Board (Board) which affirmed the referee's decision dismissing his claim petition against Royal Chevrolet (Employer) pursuant to the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1—1031. The issues presented are whether the Board erred as a matter of law in failing to find that Claimant was acting within the course and scope of employment when he sustained injuries in an accident while driving a vehicle provided to him by Employer, and in failing to find that Claimant's injury was sustained on Employer's premises.[1]

The referee found that Employer, Royal Chevrolet, employed Claimant as a salesman and allowed him to use one of Employer's cars for business or personal use as a supplemental employee benefit. On April 11, 1989, Claimant was driving to work in the car when he was hit from behind by a school

1. This case was re-assigned to the opinion writer on July 12, 1994.

bus. The accident occurred on Jefferson Avenue, a public road, immediately in front of Employer's place of business six minutes before Claimant was due to report to work. Claimant filed a claim petition for workers' compensation benefits alleging that he was injured in the course of his employment. The referee bifurcated the issues, and held a hearing only with respect to whether Claimant was in the course and scope of employment when the accident occurred. The referee concluded as a matter of law that Claimant's use of Employer's automobile was for personal, not business reasons and Claimant did not sustain an injury in the course and scope of his employment with Employer. The Board affirmed the referee's decision.[2]

■ Claimant argues that he was acting within the course and scope of his employment at the time of the accident because he was operating a vehicle which was provided by Employer as part of his employment contract and in furtherance of Employer's business interests. A claimant has the burden to prove that an injury arose in the course of employment and was related thereto. *Krawchuk v. Philadelphia Elec. Co.*, 497 Pa. 115, 439 A.2d 627 (1981). This Court has held that an injury will be considered in the course of a claimant's employment in two situations: where the employee is injured while actually engaged in the furtherance of the employer's business or affairs; or where the employee is injured on the premises of the employer even though not actually engaged in the furtherance of the employer's business or affairs, but only if the nature of his or her employment requires the employee's presence. *Pypers v. Worker's Compensation Appeal Board (Baker)*, 105 Pa.Commonwealth Ct. 448, 524 A.2d 1046 (1987).

**2.** When the burdened party is the only party to present evidence and does not prevail before the agency, this Court's scope of review is limited to determining whether the agency erred as a matter of law or capriciously disregarded competent evidence. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa.Commonwealth Ct. 436, 550 A.2d 1364 (1988). Claimant was the only party to present evidence.

■ Whether an employee is acting within the course and scope of his or her employment at the time of injury is a question of law to be determined on the basis of the referee's findings of fact and is reviewable by this Court. *Empire Kosher Poultry v. Workmen's Compensation Appeal Board (Zafran)*, 154 Pa.Commonwealth Ct. 276, 623 A.2d 887 (1993), *appeal denied*, 536 Pa. 648, 639 A.2d 34 (1994). This Court has also held that injuries sustained by an employee traveling to or from his or her place of work do not occur in the course of employment and are not compensable under the Act. *William F. Rittner Co. v. Workmen's Compensation Appeal Board (Rittner)*, 76 Pa.Commonwealth Ct. 596, 464 A.2d 675 (1983). However, this "going and coming" rule has four exceptions: 1) claimant's employment contract includes transportation to and from work; 2) claimant has no fixed place of work; 3) claimant is on a special assignment for the employer; or 4) special circumstances are such that claimant was furthering the business of the employer. *Empire Kosher Poultry.*

■ Since Claimant was on his way to work when the accident occurred, the "going and coming" rule applies; therefore, to be eligible for workers' compensation benefits, Claimant must meet one of the exceptions outlined in *Empire Kosher Poultry.* Claimant indicated he "believed" that he had a written contract and that this contract provided for transportation. However, Claimant neither produced the contract nor unequivocal testimony that such provision did in fact exist, thus he did not meet his burden to prove that the first exception is applicable. Furthermore, the Board did not err when it concluded that the second and third exceptions are inapplicable where the record contains no evidence which would indicate that Claimant had no fixed place of work or was on a special mission for Employer.[3]

3. Claimant cites *Susman v. Kaufmann's Dep't Store,* 182 Pa. Superior Ct. 467, 128 A.2d 173 (1956), to support his argument that he was acting within the course and scope of his employment; however, *Susman* is factually distinguishable in that the claimant was hired by the employer as a special messenger and deliverer during a strike at the employer's store and the transportation which the employer provided was an integral part of the employment agreement.

■ As to the fourth exception, a case quite analogous to the matter sub judice is *Hastings v. Pennsylvania Nat'l Mut. Casualty Ins. Co.*, 407 Pa. Superior Ct. 282, 595 A.2d 1150 (1991), *appeal denied*, 530 Pa. 645, 607 A.2d 255 (1992), where a car salesman sustained injuries in an accident while driving home in a vehicle provided by his employer. In *Hastings*, the Superior Court held that use of an employer's vehicle for employer advertising purposes and for the personal use of the employee is insufficient in and of itself to bring a claimant's activities within the scope of employment and within the exception to the "going and coming rule." The Superior Court relied on *Hall v. Midland Ins. Co.*, 320 Pa. Superior Ct. 281, 467 A.2d 324 (1983), which involved injuries sustained by an insurance salesman in an accident while driving home from work in a vehicle provided by the employer. In *Hall*, the court determined that despite the fact that the vehicle was owned by the employer and was provided to the claimant for business and personal use, the evidence could not support the conclusion that the salesman's injuries had occurred during the course of his employment.[4]

■ Claimant next argues that the Board erred as a matter of law in failing to find that his injury was sustained on Employer's premises within the meaning of the Act where his

---

4. This Court is not persuaded by Claimant's arguments that *Hastings* and *Hall* are distinguishable where the claimant in *Hastings* reimbursed his employer twenty-five dollars per week for the use of the vehicle, and where in *Hall*, there was no provision for transportation in the employment contract. The reimbursement in *Hastings* was not a determinative factor in the court's analysis of the case. Moreover, *Hall* was likewise analyzed under both the first and fourth exceptions to the "going and coming" rule; and the court's analysis of the fourth exception is on point.

Nor is this Court persuaded by Claimant's argument that like *Hastings*, the matter sub judice should be remanded for further proceedings, or alternatively for specific findings as to whether transportation to and from work was provided as part of Claimant's employment contract. The court in *Hastings* remanded the matter because it determined that summary judgment was inappropriate where there was a genuine issue of material fact as to whether the employer was contractually obligated to provide the car and where the record contained no evidence on that issue. In the present case, Claimant had ample opportunity to present evidence regarding his employment contract at the referee's hearing.

accident occurred immediately in front of Employer's place of business and while he was preparing to turn into Employer's parking lot. Claimant contends that an employer's premises within the meaning of the Act includes a reasonable means of access for the situs of the employer's business, and may also cover a public road used or maintained by the employer for the operation of its business, citing *Epler v. N. Am. Rockwell Corp.*, 482 Pa. 391, 393 A.2d 1163 (1978), and *Hesselman v. Somerset Community Hosp.*, 203 Pa. Superior Ct. 313, 201 A.2d 302 (1964). Claimant also contends that the critical factor is not the employer's title to or control of the area, but the fact that the area was used by employees in the performance of assigned tasks, *Interstate United Corp. v. Workmen's Compensation Appeal Board*, 56 Pa.Commonwealth Ct. 385, 424 A.2d 1015 (1981); and that an employer's premises may include property even where title to that property is vested in a third party. *Schofield v. Workmen's Compensation Appeal Board*, 39 Pa.Commonwealth Ct. 282, 395 A.2d 328 (1978).

Courts have consistently required something more than the mere existence of a nearby or adjacent public road before extending an employer's premises to include it. The real question is whether the site of the accident was an integral part of the employer's premises. *Epler.* Each case which Claimant cited is distinguishable from the case sub judice in that the road on which the accident occurred was either located between buildings or other property which the employer owned; the employer maintained or had title to or control over it; or the employer required its employees to use it in their assigned tasks.

In *Hesselman,* the claimant slipped and fell as he was reaching for the knob of a door leading from a public alley to the employer's laundry building, where the alley was located between the employer's buildings, was cared for and maintained by the employer, and the claimant was required to use it as a means of access to the laundry building. In *Epler,* the claimant was killed after leaving work when he was hit by a car as he crossed a public street to reach a parking lot, where

the lot was provided by the employer and the parking spaces were designated by the employer. In *Interstate United Corp.*, the claimant, a cafeteria worker, was injured on the steps of a footbridge which connected the plant from which her employer leased its cafeteria to a public street. The plant owned and controlled the footbridge. In *Schofield*, the claimant was injured when a train collided with his car while he was driving over a railroad right-of-way on the employer's plant facilities, which was the principal means of access to the employer's property.

A close scrutiny of the record and application of the law demonstrate that Claimant has failed to show a nexus between Employer's premises and the public road on which his accident occurred; thus it cannot be deemed part of Employer's premises under the Act. Claimant has therefore failed to prove that the injuries he sustained occurred within the course and scope of his employment. Accordingly, the order of the Board is affirmed.

## ORDER

AND NOW, this 20th day of September, 1994, the order of the Workmen's Compensation Appeal Board is affirmed.

FRIEDMAN, Judge, dissenting.

I respectfully dissent. Because Edmund Olszewski (Claimant) presented uncontroverted, unequivocal testimony that he had an employment contract providing for his use of a company vehicle as transportation to and from work, thereby placing Claimant under the first exception to the "coming and going" rule, I believe that Claimant's injury occurred within the course and scope of his employment.

In reaching a contrary result, the majority maintains that Claimant did not meet his burden of proof because Claimant did not produce a written contract nor provide unequivocal testimony that there was a provision in his contract for transportation to and from work. (Majority Op. at 525.) I admit that this would be an easier case if Claimant either had

offered a written employment contract into evidence or had testified with more conviction regarding the contract's form. However, I do not believe these failings are necessarily fatal, and they should not automatically preclude Claimant from prevailing here. Indeed, after considering Claimant's uncontroverted testimony concerning his employment contract in its entirety,[1] I am convinced that he has satisfied the first exception to the "going and coming" rule.

In assessing the sufficiency of Claimant's testimony, the majority failed to consider Claimant's uncontroverted testimony in its entirety, focusing instead on only one word and, as a result, misrepresenting Claimant's testimony. The majority states: "Claimant indicated he *'believed'* that he had a written contract and that this contract provided for transportation." (Majority Op. at 525) (emphasis added). However, as a summation of Claimant's testimony, this statement is defective.

Claimant testified that he "believed" that there was a *written* contract. Claimant then asserted *positively* that there was an employment contract which included a provision for transportation to and from work. Claimant's testimony, in context, is as follows:

A. As a condition of employment part of the compensation package was to drive a brand new vehicle [provided by Employer].

1. I disagree with the majority's assertion that "Claimant had ample opportunity to present evidence regarding his employment contract at the referee's hearing." (Majority Op. at 526, n. 4.) In fact, I believe that it is particularly important to view *all* of Claimant's existing testimony because his opportunity to present this evidence was curtailed prematurely. The record indicates that while Claimant's counsel was eliciting testimony from Claimant about the terms and conditions of the contract, the referee interrupted the examination and stated:

> We'll assume that the automobile is owned, primarily maintained by the employer and that this claimant received the automobile as a supplemental benefit for his job to (a) help him sell automobiles and help the employer and (b), for his own personal use. Okay?

(R.R. at 18a–19a.) Claimant's counsel acquiesced and ended her examination. Thus, the referee prevented Claimant from providing additional testimony on the employment contract issue.

(R.R. at 8a–9a.)[2]

Q. Were you driving the car that was provided to you by Royal Chevrolet [at the time of the accident]?

A. Yes, I was.

Q. Did other salesmen also drive cars from Royal?

A. Every salesman there drove a car.

Q. And you have a written employment contract?

A. I *believe* I do, yeah.

Q. And is that part of the provisions of the contract?

A. Yes ma'm, it is.

(R.R. at 9a–10a) (emphasis added).[3]

The first exception to the "coming and going" rule does not require that the employment contract be *written*.[4] Indeed, in

2. The arrangement required Claimant "to keep the car clean and presentable at all times" in order to help Employer sell automobiles. (R.R. at 18a–19a.) As Claimant further testified:

Q. Mr. Olszewski, when you were driving the car, were there any specific rules or regulations that you had to adhere to?
A. Yeah, I put the gas in the car and I had to keep the car clean and presentable at all times.
Q. Who paid the insurance and all the maintenance on the car?
A. The dealership.

(R.R. at 18a.)

3. Opposing counsel never even addressed the employment contract issue during cross-examination of Claimant. In fact, Employer did not present *any* testimony or evidence in this case.

In light of Claimant's testimony set forth here, I am at a loss to understand that portion of the Board's decision that states:
Although Claimant testified that a written employment contract was entered into between him and Defendant, he did not provide any testimony or evidence that there was a specific provision for Defendant to provide transportation to and from work.
(R.R. at A–9.) Quite the contrary, Claimant's testimony clearly shows that his employment contract contained a provision requiring that salespersons drive cars (a means of transportation) provided by Employer.

4. The "coming and going" rule states that injuries received by an employee while travelling to and from work are not compensable. *Peer v. Workmen's Compensation Appeal Board (B & W Construction)*, 94 Pa.Commonwealth Ct. 540, 503 A.2d 1096 (1986). However, injuries sustained by an employee while coming and going to work are compensable if one of the following exceptions applies:

*Hastings v. Pennsylvania National Mutual Casualty Ins. Co.*, 407 Pa. Superior Ct. 282, 595 A.2d 1150 (1991), *appeal denied sub nom, Pennsylvania National Mutual Casualty Ins. Co. v. Ford,* 530 Pa. 645, 607 A.2d 255 (1992), cited by the majority[5] and relied upon by the Board, the Superior Court assumed that the employment contract of a car salesperson was oral because no allegations had been made to the contrary and because no document purporting to be an employment contract had been produced. However, despite the fact that the contract was not in written form, the court, in *Hastings,* determined that the car dealership might still have been contractually obligated to provide the car to its salesperson, thereby placing the sales employee within the course and scope of his employment when injured.

Here, Claimant's uncertainty as to whether his employment contract had been put into writing does not make his testimony equivocal with regard to the contract's existence. Claimant maintained *unequivocally* that there was an employment contract with a provision for transportation to and from work. Once a claimant has established that transportation to and from work is one of the terms of his employment contract, the claimant has met his burden to prove that he is entitled to benefits under The Pennsylvania Workmen's Compensation Act.[6] *Empire Kosher Poultry v. Workmen's Compensation Appeal Board (Zafran),* 154 Pa.Commonwealth Ct. 276, 623 A.2d 887 (1993), *appeal denied,* 536 Pa. 648, 639 A.2d 34 (1994). However, in spite of his testimony, Claimant did not prevail before the referee.

> (1) the *employment contract* included transportation to and from work;
> (2) the claimant has no fixed place of work;
> (3) the claimant is on special assignment for the employer; or
> (4) special circumstances are such that the claimant was furthering the business of the employer.
>
> *SEPTA v. Workmen's Compensation Appeal Board (Scott),* 136 Pa.Commonwealth Ct. 98, 101, 582 A.2d 421, 422 (1990) *appeal denied,* 527 Pa. 658, 593 A.2d 428 (1991) (emphasis added).

**5.** The majority cites *Hastings* in regard to the fourth exception to the "coming and going" rule." I would not reach this issue.

**6.** Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1031.

Where, as here, the party with the burden of proof is the *only* party to present evidence before the referee, and yet that party does *not* prevail, we must first examine the record to determine whether that party, as a matter of law, has met his burden. *Kirkwood v. Unemployment Compensation Board of Review*, 106 Pa.Commonwealth Ct. 92, 525 A.2d 841 (1987). As stated, I believe that Claimant, through his uncontroverted, unequivocal testimony, has presented sufficient competent evidence that, *if believed*, would support a finding that Claimant had an employment contract that provided transportation to and from work and, thus, was injured within the course and scope of his employment.

Although the referee made no specific credibility determination, a fair reading of the referee's opinion indicates that the referee considered and accepted Claimant's testimony but determined from that testimony that Claimant was not injured in the course and scope of employment because (1) the provision of a company car for transportation to and from work was merely a supplemental employee benefit rather than a contract provision and (2) Claimant was not using the vehicle for business purposes when he was injured. In this, the referee erred.

Whether or not Claimant's driving of a supplied vehicle was a supplemental benefit of employment does not affect its status as a contract provision requiring that Claimant drive that vehicle at all times, including to and from work. Indeed, one would expect to find employee benefits defined in an employment contract. Moreover, contrary to the view espoused by the referee, Claimant does not have to prove that his injury occurred while in furtherance of the employer's business. *William F. Rittner Co. v. Workmen's Compensation Appeal Board (Rittner)*, 76 Pa.Commonwealth Ct. 596, 464 A.2d 675 (1983).[7]

---

**7.** Even if Claimant had to prove that he was using the company car in furtherance of Employer's business, I believe that Claimant met that burden. The testimony reveals that Claimant was required to keep the car clean and presentable in order to promote customer interest and help Employer sell automobiles. (R.R. at 18a–19a.) Thus, whenever Claimant drove the car, it was in furtherance of Employer's business.

Where the party with the burden of proof is the only party to present evidence, and that party, though credible, does not prevail before the referee because of an error of law, we will reverse. *Kirkwood.* I believe that that is what occurred here and, accordingly, I would reverse and remand for further proceedings on the remaining issues.[8]

8. Having reached this result, I would not address Claimant's second argument; *i.e.,* that his injury occurred within the course and scope of employment because he was injured on the premises of Employer.