IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Niche Knight,                           :
                    Petitioner          :
                                        :
          v.                            : No. 1752 C.D. 2015
                                        : Submitted: May 13, 2016
Workers' Compensation Appeal            :
Board (Commonwealth of                  :
Pennsylvania, Norristown State          :
Hospital),                              :
                    Respondent          :


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE DAN PELLEGRINI, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
SENIOR JUDGE PELLEGRINI                    FILED: June 9, 2016


          Niche Knight (Claimant) petitions for review of an order of the
Workers' Compensation Appeal Board (Board) affirming the Workers'
Compensation Judge's (WCJ) decision denying her claim petition for benefits
under the Pennsylvania Workers' Compensation Act (Act) [1] because the injuries
she sustained were not incurred in the scope of her employment because the place
she was injured was not owned by employer nor integral to its business and

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§1-1041.4, 2501-2708.

because her accident did not fall within the special mission exception to the "coming and going rule." We affirm.

**I.**

On October 1, 2011, while employed by the Department of Public Welfare (Employer) as a forensic correction officer, Claimant sustained injuries in the nature of a bilateral amputation of the lower extremities above her knees, vascular compromise, tissue necrosis, infection, post-traumatic stress syndrome, depression, and non-ambulatory syndrome. Alleging that those injuries occurred during the course and scope of her employment, Claimant filed a claim petition seeking payment of medical bills, attorney's fees and full disability benefits. Employer timely filed an Answer denying that the incident occurred in the course and scope of Claimant's employment. At the request of both parties, this matter was bifurcated to determine the threshold issue of whether Claimant was within her scope of employment for Employer at the time of the incident.

Before the WCJ, Claimant testified that she worked as a forensic correction officer for Employer for approximately seven years at the Norristown State Hospital (Hospital) grounds in Building Number 51 (Building). Claimant stated that she normally arrived at the Building between 10:45 p.m. and 11:00 p.m. and that her shift began at 11:15 p.m. and ended at 7:15 a.m. Claimant stated that she signed in with her supervisor for purposes of beginning her shift and that she did not leave the Building during her shift.

Claimant testified that she was not required to drive any particular route to work and that her usual route consisted of traveling on a public road by the name of Sterigere Street, making a right turn onto the Hospital driveway at Gate 4 until she reached a parking lot next to the Building. Claimant testified that she passed other entrances to the Hospital grounds when traveling on Sterigere Street toward Gate 4, and that she took Gate 4 because it provided the closest entrance to the Building and its adjacent lot. Claimant stated that she was not required to park in any particular area on Hospital grounds and that she chose to park in the lot next to the Building for convenience purposes.

Claimant testified that at approximately 10:50 p.m. on October 1, 2011, while driving to work, she heard sounds indicating that her car had a flat tire. She testified that she then activated her hazard lights and came to a complete stop with her car partially parked on the grass-area beside the road approximately two car-lengths away from Gate 4. Claimant stated that because she observed her car's left-front tire was flat, she went to the rear of her car to retrieve a spare tire. Claimant stated that her attempt to retrieve the tire was unsuccessful and that she called her supervisor, Chris Puleo (Supervisor), and her coworker, Natalie Moe-Paul (Coworker), to inform them of the situation and to see if someone was available to help. Claimant testified that she was standing behind her car making those calls when another vehicle struck her.

On cross-examination, Claimant testified that she was standing on Sterigere Street at the time of impact and was not on Hospital grounds. Claimant stated that Sterigere Street was a public road that could be used by people other

3

than those going to or from the Hospital, and that she was not required to take any specific route to the Building.

Claimant also submitted the deposition testimony of her Coworker, who testified that at approximately 11:00 p.m., 15 minutes before her 11:15 p.m. shift was to begin, she was driving on Sterigere Street when she noticed a parked car with its flashers activated at the side of the road. Moments later, Claimant called Coworker and explained that she had a flat tire and was the person parked on the side of the road. Coworker then stated that she proceeded to the Building to inform Supervisor of Claimant's situation, and that after a brief discussion with the Supervisor, she agreed to assist Claimant. Coworker testified the area where Claimant's car was located was approximately 120 feet away from Gate 4, the car's right wheels were parked right up against the curb, and that Claimant was standing directly behind her vehicle. Coworker testified that she saw a car coming at a high rate of speed and tried to yell to Claimant, and that after Claimant was hit, she ran to Claimant's aid.

Coworker also testified that Building employees used the parking lot next to the Building and that employees were not assigned specific parking spaces. Coworker stated that there were two unlocked entrances to the Hospital from Sterigere Street when beginning the 11:15 p.m. shift. She would use Gate 4 to arrive at the Building, and she only used the other gate to gain access to the Building when there was a traffic jam.

In opposition to Claimant's claim petition, Employer presented the deposition testimony of Robert M. Scotti (Corporal Scotti), a corporal with the West Norriton Township Police Department. Corporal Scotti testified that he arrived on the scene of Claimant's accident at 11:12 p.m., and that when he arrived on the scene, he saw Claimant's car in the center of the road with part of the car over the center yellow lines. Corporal Scotti testified that there was a curb on Sterigere Street with grass next to the curb, that Claimant's car and the one that hit her were completely on Sterigere Street at the time of the accident, and that Claimant's car was approximately 282 feet from Gate 4 at the time of the accident.

Employer also presented evidence to establish the ownership of the portion of Sterigere Street where Claimant's accident took place. George Willans (Willans), owner of Central Montgomery Abstract, testified by deposition that a 1999 Montgomery County property tax map displaying Sterigere Street, as well as a 1925 Board of View report and its subsequent Court approval, established a fee simple ownership of 60 feet of land was transferred from Employer to the Township of West Norriton to straighten Sterigere Street in 1925. Robert J. Kerns (Kerns), Solicitor for West Norriton Township, also testified by deposition that a 2007 Norriton Township zoning map, the 1925 Board of View report and the subsequent 1925 court proceedings established that Sterigere Street was a municipal road that the Township of West Norriton had a fee simple ownership interest in, and that Employer had not owned land up to the middle of the road since 1925.

The WCJ denied the claim petition finding that the accident did not occur while in furtherance of Employer's business or on premises occupied or controlled by Employer because Sterigere Street was owned by the Township of West Norriton. With respect to the location of the accident, the WCJ found Coworker's and Corporal Scotti's testimony more credible than Claimant's, determining that the accident happened between 120 and 282 feet from Gate 4. The WCJ concluded that the incident did not fall within an exception to the "coming and going rule"[2] because Claimant had a fixed place of work and there was no evidence of any other exception applying in this matter.

Claimant appealed to the Board contending that the WCJ erred when concluding the site of the injury must be occupied or under the control of the employer, arguing that under *PPG Industries, Inc. v. Workmen's Compensation Appeal Board (Uleski)*, 542 A.2d 621 (Pa. Cmwlth. 1988), liability could be imposed on an employer if the property where the accident occurred was an integral part the employer's business. Claimant also argued that the WCJ erred in not determining Supervisor expanded the course and scope of Claimant's employment with Employer after directing Coworker to help Claimant. The Board affirmed the WCJ's decision, determining the site of Claimant's injury was not an integral part of Employer's business, and that Claimant was not in the course and

---

[2] In a claim petition, the burden is on the claimant to prove that he or she was injured during the course and scope of employment. *Olszewski v. Workmen's Compensation Appeal Board (Royal Chevrolet and American Fire and Casualty)*, 648 A.2d 1255, 1257 (Pa. Cmwlth. 1994). "Whether an employee is acting within the course and scope of his or her employment at the time of injury is a question of law to be determined on the basis of the [WCJ's] findings of fact and is reviewable by this Court." *Id.*

6

scope of her employment when injured. Claimant then filed this petition for review.[3]

## II.

In her petition,[4] Claimant contends that the Board erred in finding that her injuries were not compensable because she was not within the scope of her employment when injured. The Act provides that "[e]very employer shall be liable for compensation for personal injury to, or for the death of each employe, by an injury in the course of his employment . . . ." 77 P.S. §431. Section 301(a) of the Act defines the terms "injury" and "personal injury" "to mean an injury to an employe, regardless of his previous physical condition, arising in the course of his employment and related thereto . . . ." 77 P.S. §411(1). The Act further directs that the term "injury arising in the course of his employment" shall not include:

> injuries sustained while the employe is operating a motor vehicle provided by the employer if the employe is not otherwise in the course of employment at the time of injury; but shall include all other injuries sustained while

[3] On appeal to the Board, Claimant also argued that the WCJ erred in crediting Willans's and Kerns's opinions regarding whether Employer owned a fee simple on the street where Claimant was injured. However, on appeal to this Court, Claimant no longer asserts that Employer owns Sterigere Street to the middle of the street.

[4] Our scope of review in a workers' compensation appeal is limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated. *City of Scranton v. Workers' Compensation Appeal Board (Roche)*, 909 A.2d 485, 486 n.1 (Pa. Cmwlth. 2006). Whether a claimant is injured in the course of employment is a question of law to be determined on the basis of the WCJ's findings of fact. *Markle v. Workers' Compensation Appeal Board (Bucknell University)*, 785 A.2d 151, 153 (Pa. Cmwlth. 2001).

the employe is actually engaged in the furtherance of the business or affairs of the employer, whether upon the employer's premises or elsewhere . . . .

77 P.S. §411(1).

The "coming and going rule" holds that an injury or death sustained by an employee traveling to or from a place of employment does not occur in the course of employment, making it non-compensable under the Act. *Biddle v. Workmen's Compensation Appeal Board (Thomas Mekis & Sons)*, 652 A.2d 807, 809 (Pa. 1995); *Village Auto Body v. Workers' Compensation Appeal Board (Eggert)*, 827 A.2d 570, 573 (Pa. Cmwlth. 2003). However, such an injury or death will be considered to have been sustained in the course of employment and, thus, is compensable under the Act if one of the following exceptions applies:

> 1) claimant's employment contract includes transportation to and from work;
>
> 2) claimant has no fixed place of work;
>
> 3) claimant is on a special mission for employer; or
>
> 4) special circumstances are such that claimant was furthering the business of the employer.

*Wachs v. Workers' Compensation Appeal Board (American Office Systems)*, 884 A.2d 861, 862 (Pa. 2005) (quoting *Thomas Mekis & Sons*, 652 A.2d at 809).

Claimant first contends that her injuries are compensable because the portion of Sterigere Street outside of Gate 4 was such an integral part of

Employer's business that it became part of Employer's premises.  As this Court has explained:

> An injury takes place in the course of employment if it occurs in either one of two distinct situations.  First, an injury is compensable if it occurs while the claimant is furthering the business or affairs of his employer, whether the injury occurs on or off the employer's premises.  *U.S. Airways v. Workers' Compensation Appeal Board (Dixon)*, 764 A.2d 635, 640 (Pa. Cmwlth. 2000).  Second, even if the claimant is not furthering the employer's business at the time of his injury, he is entitled to benefits if he is injured "on the employer's 'premises' at a reasonable time before or after the work period."  *Newhouse v. Workmen's Compensation Appeal Board (Harris Cleaning Service, Inc.)*, 530 A.2d 545, 547 (Pa. Cmwlth. 1987).
>
> * * *
>
> Pennsylvania courts have held that an employer's "premises" is not necessarily limited to buildings or property controlled, occupied, or owned by the employer. *Waronsky v. Workers' Compensation Appeal Board (Mellon Bank)*, 958 A.2d 1118, 1125 (Pa. Cmwlth. 2008).  Rather, "premises" can encompass property that "could be considered an integral part of the employer's business." *Ortt v. Workers' Compensation Appeal Board (PPL Services Corp.)*, 874 A.2d 1264, 1267 (Pa. Cmwlth. 2005) (emphasis added).  Property becomes integral to an employer's business when the employer requires employees to use that property. *Id.* at 1267-68.  Thus, "the critical factor is not the employer's title to or control over the area, but rather the fact that . . . [the employer] had caused the area to be used by . . . employees in performance of their assigned tasks." *Waronsky*, 958 A.2d at 1125 (citations and quotation marks omitted).

9

*Mansfield Brothers Painting v. Workers' Compensation Appeal Board (German)*, 72 A.3d 842, 845-46 (Pa. Cmwlth. 2013) (omissions in original).

When property is not owned, occupied or controlled by the employer, it may still be deemed the employer's premises if it is "integral" to the employer's business (i.e., it is used to carry out the employer's business). For example, in *Uleski,* the case Claimant relies upon, the claimant finished his shift and picked up his car in the employer's parking lot. All employees leaving the parking lot had to cross a set of railroad tracks. The claimant was attempting to cross the tracks when his car was struck by an oncoming train. On appeal, we concluded that because the sole means of entering and leaving the employer's parking lot was over the railroad tracks, the tracks were an integral part of the employer's premises even though the railroad tracks were not owned or controlled by that employer.

In this case, though, contrary to Claimant's assertion, the area between Gate 4 and Sterigere Street was not an integral part of Employer's business because Claimant's normal practice of exiting Gate 4 "was purely optional, not required or 'integral' to Claimant's employment." *See PPL Services Corp.*, 874 A.2d at 1267. Claimant admits that she was not required to drive a particular route to get to work nor was she required to park in the lot next to the Building. Further, Claimant admits that Hospital grounds and the Building could be accessed through a different gate that she passed while approaching Gate 4. In any event, even if there was only one entrance to an employer's facility does not make the public road outside that entrance "integral" to an employer's business.

Claimant also contends that the Board erred in denying her claim petition because she came within an exception to the "coming and going rule" because when her Supervisor authorized Coworker to go on a "special mission" to help fix Claimant's flat tire, that authorization correspondingly expanded Claimant's scope of employment. Specifically, Claimant asserts that because the purpose of Supervisor's directive was to benefit Claimant, any expansion in the scope of Coworker's employment due to her "special mission" should, in turn, be extended to Claimant. Assuming, *arguendo*, that Coworker was on a "special mission" and did not merely receive permission to personally assist a coworker, the "special mission" exception cannot apply to Claimant in this instance because it only extends to the employee assigned the special mission and does not extend to persons not assigned the special mission.

In any event, an employer's attempt to aid an employee, without more, cannot constitute "the furtherance of the [Employer's] business or affairs." 77 P.S. §411(1). As we have explained, "'it is always in the employer's interest that employees come to work. . . . This interest, far from being a special circumstance, is a universal one.'" *Simko v. Workers' Compensation Appeal Board*, 101 A.3d 1239, 1242 (Pa. Cmwlth. 2014), *appeal denied*, 113 A.3d 282 (Pa. 2015) (quoting *Mackey v. Workers' Compensation Appeal Board (Maxim Healthcare Services)*, 989 A.2d 404, 411 (Pa. Cmwlth. 2010) (citation omitted)).

Accordingly, because the Board did not err in affirming the WCJ's decision denying her claim petition for workers' compensation benefits, we affirm.[5]

_____
DAN PELLEGRINI, Senior Judge

---

[5] On appeal to this Court, Claimant additionally contends that the WCJ and Board erred when not applying the "Humanitarian Rule." Even assuming such a doctrine exists, Claimant did not raise this issue to the Board, and it is a well-established rule that issues are waived if not preserved at every stage of a proceeding. *Wheeler v. Workers' Compensation Appeal Board (Reading Hospital & Medical Center)*, 829 A.2d 730 (Pa. Cmwlth. 2003).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Niche Knight, :
     Petitioner :
                 :
    v. : No. 1752 C.D. 2015
                 :
Workers' Compensation Appeal :
Board (Commonwealth of :
Pennsylvania, Norristown State :
Hospital), :
     Respondent :

# **O R D E R**

AND NOW, this 9<u>th</u> day of  <u>June</u>, 2016, it is hereby ordered that the order of the Workers' Compensation Appeal Board dated August 26, 2015, at No. A14-0141, is affirmed.

_____
DAN PELLEGRINI, Senior Judge